**DIVISION OF SOCIAL SERVICES OF the DEPARTMENT OF HEALTH AND SO-CIAL SERVICES, Plaintiff Below, Appellant,**

v.

**Thomas BURNS, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 25, 1981.

Decided Dec. 16, 1981.

James J. Hanley, Deputy Atty. Gen. (argued), Wilmington, for plaintiff-appellant.

Harvey B. Rubenstein (argued), Wilmington, for defendant-appellee.

Before HERRMANN, C. J., McNEILLY and HORSEY, JJ.

PER CURIAM:

This appeal concerns the correctness of the State Personnel Commission's interpretation of certain "Rules for a Merit System of Personnel Administration", in particular Merit Rule 5.1010, relating to compensation for holiday service. For the reasons given below, we hold that the Commission's inter-

pretation of the Rules is clearly wrong.[1] Consequently, we reverse the Commission's award to Thomas Burns, a State employee, of one day's holiday service pay under Rule 5.1010.

The parties agree as to the pertinent facts. Burns, a full-time social worker with the Division of Social Services, was periodically assigned to one week of "stand-by duty." While on stand-by, Burns remained on call during off hours (evenings and weekends) to respond to emergency situations requiring the Division's attention. In November, 1978, Burns was so assigned during the week which included November 7, Election Day, a legal holiday. On that day, Burns was actually called back to work for 3½ hours during the evening.

In compliance with what it believed to be the pertinent Merit Rules, the Division (his employer) compensated Burns for the week in question as follows: (1) regular pay for the four normal workdays; (2) regular pay for the legal holiday;[2] (3) stand-by pay pursuant to Merit Rule 5.1040;[3] and (4) call-back pay pursuant to Merit Rule 5.1030.[4]

Notwithstanding the above compensation, Burns filed a grievance with the Commission asserting that he was entitled to holiday service pay under Merit Rule 5.1010.[5,6] This assertion was based on the fact that Burns was required to remain on stand-by duty on a legal holiday and was actually called back to work.

Granting Burns' petition for holiday service compensation, the Commission ruled that "[e]mployees who are assigned to stand-by duty on a State holiday fall within the provisions of ¶ 5.1010, as they 'are required to work on a day observed as a legal holiday', in a manner not contemplated in the ordinary application of § 5.1040." As a result of this ruling, the Commission arrived at the following payment formula: (1) regular base pay pursuant to the first sentence of Merit Rule 5.1010; (2) overtime pay at time and one-half for 7½ hours pursuant to the second sentence of Merit Rule 5.1010; (3) a stand-by pay increment pursuant to Merit Rule 5.1040 for the remaining 16½ hours of the holiday; and (4) call-back pay for the 3½ hours actually worked during the stand-by period.

1. Burns' alternative contention that this Court lacks jurisdiction to hear the present appeal and review the Commission's ruling is summarily rejected as being wholly without merit. *See* 29 *Del.C.* § 6442(a).

2. Merit Rule 6.0110 provides that qualified State employees shall receive their regular pay on legal holidays.

3. Merit Rule 5.1040 reads as follows:
   "*Stand-by Duty.*
   An employee in a position of a class below grade 19 who is assigned to institutional life support system and critical public service as approved by the Director, and authorized and required by the appointing authority to be on-call regularly for emergency services for an average of 64 off-duty hours or more per week, shall have his pay rate supplemented by one increment while so assigned. Such increased pay shall continue during absences only for paid holidays and sick leave of five successive work days or less occurring during the period of assignment. *Any call-back work required during on-call periods shall also be compensated in accordance with the call-back provisions of 5.1030.*"

4. *Merit Rule 5.1030 reads as follows:*
   "*Call Back Pay.*
   An employee in a position of a class below grade 19, who has left his place of work for his residence and is called back for overtime service, shall be paid for such service in accordance with the provisions for overtime pay, provided that he shall receive a minimum total payment equivalent to four times his regular straight time hourly rate. However, the employee shall be paid according to this call back provision or the overtime provision, whichever is greater, not both."

5. Merit Rule 5.1010 reads as follows:
   "*Compensation for Holiday Service.*
   When an employee eligible for overtime pay (5.0931; 5.0932) other than seasonal, temporary, emergency or casual part-time, is required to work on a day observed as a legal holiday, he shall receive his regular day's pay. He shall also receive one and one-half times his daily rate for the work performed. The employee may request an alternative day off in lieu of the regular day's pay if such alternative day off can be scheduled by the appointing authority."

6. Burns also claimed that he was entitled to shift differential pay under Merit Rule 5.1020. This argument was rejected by the Commission and not appealed.

On appeal, the Superior Court affirmed the decision, finding that the Commission's interpretation was not clearly wrong. We disagree.

■ This Court recognizes that an administrative agency's interpretation of its rules are presumptively correct. Judicial deference is usually given to an administrative agency's construction of its own rules in recognition of its expertise in a given field. *Diebold, Inc. v. Marshall*, 6th Cir., 585 F.2d 1327 (1978); *Standard Oil Co. v. Department of Energy*, Temp.Em.Ct.App., 596 F.2d 1029 (1978). This deference is reflected in an appellate court's standard of review that an administrative agency's interpretation of its rules will not be reversed unless "clearly wrong." *Peterson v. Hall*, Del.Supr., 421 A.2d 1350, 1353 (1980); *In the Matter of Spielman*, Del.Super., 316 A.2d 226, 229 (1974). But where it appears that the rights created or benefits conferred by an agency's construction of its rules are contrary to their plain meaning, reversal is required.

■ That is this case. The record reveals that the Commission decided that Burns should receive overtime pay for a 7½ hour day under Merit Rule 5.1010. The Commission also decided that Burns was entitled to be compensated during the legal holiday under the stand-by and call-back Rules by reason of his being on stand-by and called back to work after the regular working hours of the holiday. The Commission thereby deemed that Burns worked for 7½ hours, when the fact was that Burns was at home throughout the regular 7½ hour portion of the legal holiday. (Burns was not called back to perform any work until later in the evening.)

We also find the Commission's implicit conclusion that Burns was in fact working during the regular 7½ hour period of the holiday (so as to be entitled to time and a half pay for those hours of the holiday) to be contrary to the meaning and intended operation of Merit Rule 5.1010 when viewed in context with the other pertinent Rules as to compensation. Since Burns was not actually working during the 7½ hour period of the holiday, he was not, under 5.1010, being "required to work" on the holiday; nor was he entitled to compensation at time and one half "for the work performed." For Burns performed no work during that portion of the holiday.

We think the Commission has impliedly rewritten the Merit Rules as to compensation in the guise of exercising its interpretive powers over the Rules. We interpret Merit Rules 5.1040, 5.1030 and 6.0110 as operating independently of Merit Rule 5.1010 and as controlling Burns' right to compensation over the legal holiday in question. The Commission's interpretation to the contrary is, in our view, clearly wrong and therefore must be reversed.