# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHELINA KIRKLAND, | ) | |
| | ) | |
| Claimant-below/Appellant, | ) | |
| | ) | |
| v. | ) | C.A. N15A-08-003 AML |
| | ) | |
| TERMINIX, | ) | |
| | ) | |
| Employer-below/Appellee. | ) | |
| | ) | |

Submitted: March 8, 2016
Decided: June 17, 2016

## ORDER

**On appeal from a decision of the Industrial Accident Board: AFFIRMED.**

This is Shelina Kirkland's appeal from an August 17, 2015 decision of the Industrial Accident Board (the "Board"). After a hearing, the Board granted Terminix's Petition for Review, terminating Kirkland's benefits, based on the Board's determination that Kirkland's injuries had resolved fully as of August 6, 2013.

**Background and Procedural History**

On April 29, 2013, Shelina Kirkland injured her low back and neck while working for Terminix. Her injuries were acknowledged as compensable, and she received workers' compensation benefits, including total disability benefits.

On December 12, 2014, Terminix filed with the Board a Petition for Review (the "Petition") to terminate Kirkland's receipt of total disability benefits. A hearing on the Petition was scheduled for May 15, 2015. In accordance with Board Rule 9,[1] the parties filed a pre-trial memorandum with the Board on February 24, 2015. Terminix's medical expert, Dr. Kalamchi, was deposed on May 12, 2015. Kirkland did not depose any of her experts listed on the pre-trial memorandum before the May 2015 hearing.

On May 15, 2015, the date of the Board hearing, the parties signed a stipulation in which Kirkland conceded her "disability has ended" and she "no longer opposes [Terminix's] Petition to Terminate her disability benefits."[2] Terminix, however, wanted to proceed on the Petition, alleging Kirkland's work injuries had resolved fully.[3] Kirkland contended that Terminix needed to file a second petition "terminating medical benefits" in order for the Board to consider that issue.[4]

Following argument from both sides, the Board decided that the issue of whether Kirkland's work injuries had resolved properly was before them.[5]

---

[1] State of Delaware Industrial Accident Board Rules, attached as Ex. B to Terminix's App. to Answering Br. (hereinafter cited as "Board Rule(s)" or "Rule(s)").

[2] Termination Stip. & Order, attached as Ex. A-18 to Appellant's App. to Opening Br.

[3] Tr. 4:6–9, May 15, 2015 hearing, attached as Ex. 9 to Appellant's App. to Opening Br.

[4] *Id.* 7:12–17.

[5] *Kirkland v. Terminix*, No. 1419447, at 14 (Del. I.A.B. Aug. 17, 2015) (Decision on Petition to Terminate Benefits) (hereinafter cited as "I.A.B. Decision, Aug, 17, 2015").

Specifically, the Board stated:

> "[T]he petition that was filed is the appropriate measure to have the issue of whether [Kirkland's] condition has resolved. This is the proper vehicle to have that issue resolved and just the fact that there is now a concession . . . a late concession that [Kirkland] is no longer totally disabled, [Terminix] should still have a chance to litigate that issue of whether the condition has been fully resolved."[6]

The Board did, however, continue the case for 60 days to allow Kirkland "a chance to depose her own doctor on [the] issue"[7] of whether she recovered from her work injuries.[8] Although Kirkland scheduled her treating chiropractor's deposition for June 15, 2015,[9] Terminix's counsel was informed on June 14, 2015 that "they had elected to cancel the deposition."[10]

On July 6, 2015, the parties reconvened to litigate whether Kirkland's injuries had resolved fully. At that hearing, Terminix submitted Dr. Kalamchi's deposition transcript. Kirkland relied on her own testimony.

On August 17, 2015, the Board issued its decision and concluded the only issue to decide was "whether the injuries Claimant sustained in the April 29, 2013 work accident have completely resolved."[11] Based on the record, the Board granted Terminix's Petition, determining that Kirkland's work-related injuries had

---

[6] Tr. 9:4–12, May 15, 2015 hearing, attached as Ex. 9 to Appellant's App. to Opening Br.
[7] *Id.* 9:16–19.
[8] I.A.B. Decision, Aug, 17, 2015, at 15.
[9] Tr. 5:19–20, July 6, 2015 hearing, attached as Ex. 10 to Appellant's App. to Opening Br.
[10] Terminix's Answering Br. 2.
[11] I.A.B. Decision, Aug, 17, 2015, at 14.

3

resolved fully as of August 6, 2013.[12] Kirkland appealed the Board's decision on August 24, 2015.

**The Parties' Contentions**

Kirkland contends that the issue of whether her work-related injuries had resolved fully was not properly before the Board and that the Board's ultimate decision on that issue therefore "constitutes reversible error because the Board decided an issue that was not properly placed before it" in violation of its own Rules[13] – specifically, Board Rule 26. That Rule states: "When a petition is pending before the Board, . . . a party wishing to [*inter alia*, request to review an open compensation agreement] must file a formal petition."[14]

Kirkland argues that Terminix's pending Petition alleged only that "Claimant is physically able to return to work," and, therefore, the sole issue on which the Board could render a determination was whether Kirkland physically was able to return to work after her April 29, 2013 work injuries.[15] She contends that, under Rule 26, the Board could not consider whether her injuries had resolved fully unless and until Terminix filed a second petition specifically raising that

---

[12] *Id.* at 19.

[13] Appellant's Opening Br. 7.

[14] *Id.* at 7-8 (citing Board Rule 26:
When a petition is pending before the Board, either party may assert an additional issue but a party wishing to assert one or more of the following issues must file a formal petition . . .

(1) A request to review an open compensation agreement . . . .).

[15] Appellant's Opening Br. 8.

4

issue. Because no such petition was filed, Kirkland argues the Board erred in determining Kirkland's injuries resolved as of August 6, 2013.[16]

Kirkland also argues that whether she received notice of the July 6, 2015 hearing's subject-matter "sufficiently in advance" of the hearing is irrelevant because Rule 26 conclusively requires a petition to be filed.[17] Nonetheless, Kirkland contends that if notice was relevant, her counsel was not "properly notified by the [Board] that there would be a hearing on the issue of whether . . . [her] work related injuries had fully resolved."[18] Relying on *Phillips v. Delhaize America, Inc.*,[19] Kirkland argues that the "Board's proceedings are governed by both the requirements of due process and the [Administrative Procedures Act (the 'APA')]."[20] Accordingly, the Board must "inform the party of the time, place, and date of the hearing and the subject matter of the proceedings."[21] In *Phillips*, this Court determined the Board failed to comply with "either due process or the APA's notice requirements [since] [t]he Board did not send any notice at all to [the parties] about what [the Board] intended [to] address at the legal hearing."[22]

---

[16] *Id.*
[17] Appellant's Reply Br. 2.
[18] Appellant's Opening Br. 9.
[19] 2007 WL 2122139, at *2 (Del. Super. July 20, 2007) (citing 19 *Del. C.* § 2301A (d) and 29 *Del. C.* § 10161).
[20] Appellant's Opening Br. 8.
[21] *Id.* (citing *Phillips*, 2007 WL 2122139, at *2 (citing *J.L.B. Corp. v. Delaware A.B.C.C.*, 1985 WL 189008, at *2 (Del. Super. June 7, 1985))).
[22] Appellant's Opening Br. 9 (citing *Phillips*, 2007 WL 2122139 at 2).

5

Kirkland further contends that the pre-trial memorandum was not sufficient notice because Terminix checked off the box indicating that "Claimant's continued injuries are not causally related to the accident," which, Kirkland argues, is not the same as alleging her injuries "completely resolved."[23] Lastly, Kirkland argues she was prejudiced by the Board's decision because, had she known the Board was going to consider whether her condition had resolved, her cross-examination of Terminix's medical expert "would have been far different and more focused on that issue."[24]

Terminix responds that Rule 26 does not require Terminix "to file a second Petition for Review in order to have the Board address whether [Kirkland's] work injuries have resolved."[25] Rather, the "relevant standard is whether an issue has been raised sufficiently in advance of [the] hearing to provide parties notice and an opportunity to be heard."[26] Citing *Jepsen v. University of Delaware*, Terminix contends: "An issue is properly before the Board if it is the subject of a petition or included on the Pre-Trial Memorandum."[27] Moreover, Terminix argues: "Even if [Kirkland's] interpretation of Rule 26 was debatable, the courts generally 'will not

---

[23] Appellant's Reply Br. 3.
[24] Appellant's Opening Br. 10.
[25] Terminix's Answering Br. 17.
[26] *Id.* at 18.
[27] *Id.* (citing *Jepsen v. Univ. of Del.*, 2003 WL 22139774, at *3 (Del. Super. Aug. 28, 2003).

force the Board to impose a literal and hyper[-]technical interpretation of the rules where the Board itself has chosen not to do so.'"[28]

Terminix asserts that the Board agreed that the pending Petition encompassed the issue of whether Kirkland's work injuries fully had resolved. The Board's decision was reasonable, Terminix contends, given that Kirkland was on notice that Terminix intended to terminate her benefits based on the medical expert opinion that her work injuries had resolved.[29] For example, in August 2013, Dr. Kalamchi opined that Kirkland's work-related related cervical and lumbar strains had "resolved."[30] Moreover, at the May 15, 2015 hearing, the Board specifically told Kirkland that the next hearing would address the fully-resolved issue. Therefore, even if Kirkland was unaware of the issue until the hearing, she was not prejudiced because, at the very latest, Kirkland was notified by the Board on May 15, 2015 that there would be a hearing in 60 days.[31]

Terminix further argues that "Delaware courts have many times in the past affirmed Board [d]ecisions finding that a [c]laimant's condition has returned to baseline and that the employer is no longer responsible for current problems."[32]

---

[28] Terminix's Answering Br. 18 (citing *Yellow Freight Sys., Inc.*, 1999 WL 167780, at *4 (Del. Super. Mar. 5, 1999)).

[29] Terminix's Answering Br. 18-19.

[30] Kalamchi Dep. 10:24.

[31] Terminix's Answering Br. 19.

[32] *Id.* at 15 (citing *Schreffler v. Heavy Equip. Rentals*, 2011 WL 1848896, at *6 (Del. Super. Apr. 26, 2011) ("The Board's decision . . . is supported by substantial evidence that Claimant's ongoing symptoms are related solely to his pre-existing condition.")); *Cottman v. Burris Fence*

Terminix contends that Kirkland offered no medical evidence to rebut the fact that she had a "pre-existing and symptomatic degenerative back condition,"[33] and that "Dr. Kalamchi's testimony constituted substantial evidence for the Board to rely on"[34] in finding that Kirkland's work injuries fully resolved. Accordingly, Terminix posits, the Board's decision should be affirmed.

**Standard**

This Court repeatedly has emphasized its limited role in reviewing the Industrial Accident Board's decisions: the Court must determine if the Board's factual findings are supported by substantial evidence in the record[35] and whether its decision legally was correct.[36]

"Substantial evidence" is less than a preponderance of the evidence but more than a "mere scintilla."[37] It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[38] The Court must review the record to determine if the evidence is legally adequate to support the Board's factual findings. In so doing, the Court evaluates the record in the light most favorable to

---

*Constr.*, 918 A.2d 338 (Del. 2006) (TABLE) (affirming decision that sprain from work injury had resolved and any further symptoms were the result of an underlying chronic condition)); *see also Paynter v. Allen Family Foods*, C.A. No. S10A-12-003, at 12 (Del. Super. June 14, 2011) ("Employer does not carry the burden for the cost of treatment due to a degenerative condition unrelated to the workplace injury.").

[33] Terminix's Answering Br. 15-16.

[34] *Id.* at 13.

[35] *Histed v. E.I. duPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

[36] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[37] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

[38] *Histed*, 621 A.2d at 342 (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

the prevailing party to determine whether substantial evidence existed reasonably to support the Board's conclusion.[39] The Court does not "weigh evidence, determine questions of credibility or make its own factual findings."[40]

Moreover, "an administrative agency's interpretation of its rules [is] presumptively correct."[41] Generally, judicial deference is given to "an administrative agency's construction of its own rules in recognition of its expertise in a given field."[42] Accordingly, "an administrative agency's interpretation of its rules will not be reversed unless 'clearly wrong.'"[43] On appeal, the Court reviews legal issues *de novo*.[44]

**Analysis**

Kirkland has not challenged the validity of the Board's decision that her work injuries had resolved. The limited issue currently before this Court is whether that issue properly was before the Board in the first place. For the reasons set forth below, I find that the Board was within its discretion to determine whether Kirkland's work injuries had resolved.

---

[39] *Burmudez v. PTFE Compounds, Inc.*, 2006 WL 2382793, at *3 (Del. Super. Aug. 16, 2006).
[40] *Olney*, 425 A.2d at 614.
[41] *Div. of Soc. Servs. v. Burns*, 438 A.2d 1227, 1229 (Del. 1981).
[42] *Id.* (citing *Diebold, Inc. v. Marshall*, 585 F.2d 1327 (6th Cir. 1978)).
[43] *Burns*, 438 A.2d at 1229 (citing *Peterson v. Hall*, 421 A.2d 1350, 1353 (Del. Super. 1980)).
[44] *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009).

The Board Rules applicable here are sufficiently vague so as to require interpretation by the Board. That interpretation is given great weight[45] and unless "clearly wrong," will not be reversed.[46] In this case, the Board determined on two separate dates, and after a change in composition,[47] that the pending Petition, along with the pre-trial memorandum, sufficiently raised the issue of whether Kirkland's work injuries had resolved fully.[48] I cannot say that the Board's interpretation of its Rules clearly is wrong.

Rule 26 states, in pertinent part, that:

> When a petition is pending before the Board, either party may assert an additional issue but a party wishing to assert one or more of the following issues must file a formal petition . . .
>
> (1) A request to review an open compensation agreement.

For its part, Rule 9 requires that parties complete a pre-trial memorandum before a Board hearing, which includes a "complete statement of what the petitioner seeks and alleges."[49] The pre-trial memorandum may be amended up to 30 days prior to

---

[45] *Riley v. Chrysler Corp.*, 1987 WL 8273, at *1 (Del. Super. Mar. 6, 1987) ("The Board's interpretation of its own rule is entitled to great weight."); *see also Goldsborough v. New Castle County*, 2011 WL 51736 (Del. Super. Jan. 5, 2011).

[46] *Burns*, 438 A.2d at 1229.

[47] Board member Terrence Shannon retired shortly after the May 27, 2015 hearing.

[48] *See Kirkland v. SMCS Terminix*, No. 1419447, at 2 (Del. I.A.B. May 27, 2015) (ORDER); I.A.B. Decision, Aug. 17, 2015, at 14.

[49] Rule 9(B)(5)(b).

the hearing.[50] Terminix's Petition alleged Kirkland physically was able to return to work.[51] The pre-trial memorandum further clarified the issues Terminix was raising, namely whether Kirkland's continuing injuries were work-related.[52] That contention reasonably can be read as Terminix asserting Kirkland's work injuries fully had resolved. The Board's determination that Terminix satisfied Rules 9 and 26 therefore was not clearly erroneous.

Even if I concluded the Board's interpretation of its Rules was erroneous, Kirkland's appeal nevertheless would fail because any error of the Board was remedied by the 60-day extension to allow additional discovery. It is "settled in Delaware that before the Board can consider an issue, the issue must be raised sufficiently in advance of the hearing to provide the parties notice and an opportunity to be heard."[53] This Court has held that: "An issue is before the Board if it is the subject of a petition submitted to the Board *or* is appropriately noticed at the Pretrial Hearing."[54] Conversely, if a party is not given proper notice of an issue before the hearing, that issue is not properly before the Board.[55]

---

[50] Rule 9(B)(6)(a).
[51] Terminix's App. to Answering Br. Ex. A.
[52] *Id.* Ex. C.
[53] *Murphy Steel, Inc. v. Brady*, 1989 WL 124934, at *2 (Del. Super. Oct. 3, 1989); *see also* Rule 8(C): "No order involving a matter submitted under this Rule shall be issued by the Board against the non-moving party until the non-moving party has been given an opportunity to be heard on the issue."
[54] *Jepsen*, 2003 WL 22139774, at *3 (emphasis added).
[55] *Id.*

For example, in *Murphy Steele, Inc. v. Brady*, an employer sought to terminate a claimant's total disability benefits. The employer's intentions were reflected in both the pre-trial memorandum and the petition for review. The claimant, however, neither petitioned the Board for partial disability benefits, nor "directly indicate[d] in the Pre-Trial Memorandum that he was entitled to partial disability benefits."[56] This Court held that the "first mention of this [partial disability benefits] issue in the opening statement was not sufficient notice," to the employer and remanded the matter to the Board "so that the Employer is given the opportunity to disprove partial disability."[57]

On the other hand, "[i]n proceedings before the Board, it can hardly be expected that technical niceties of pleading will be observed and, where the informality thereof works no substantial injustice to the other party, it should not be allowed to defeat an otherwise meritorious claim."[58] For example, in *Yellow Freight System, Inc. v. Berns*,[59] an employer argued that a claimant failed to mention a certain defense in the pre-trial memorandum. The Board, however, not

---

[56] *Murphy Steel, Inc.*, 1989 WL 124934, at *3.
[57] *Id.*
[58] *Gen. Motors Corp. v. Socorso*, 105 A.2d 641, 644 (Del. Super. 1953) (citing Larson's Workmen's Compensation Law 252); *see also Conner v. Boulden Buses, Inc.*, 1993 WL 54493, at *6 (Del. Super. Feb. 19, 1993) ("[A]n informal tribunal such as the Board may, in appropriate circumstances, rule on different legal grounds than those presented by the parties if neither party is clearly prejudiced.").
[59] 1999 WL 167780 (Del. Super. Mar. 5, 1999).

12

only "chose to hear and consider Claimant's position," but relied on it.[60] This Court rejected the employer's argument, holding that "[w]hile the Board's procedural rules are promulgated for 'more efficient administration of justice,' this Court will not force the Board to impose a literal and hyper-technical interpretation of the rules where the Board itself has chosen not to do so."[61]

Kirkland's appeal elevates form over substance. Kirkland was not "harmed or misled by any defect in [the] form of the petition."[62] The informality here, if there was any, cannot defeat an otherwise meritorious claim, especially where Kirkland elected not to present her case at a later date.

In sum, I find Kirkland suffered no prejudice by the Board's hearing the issue on July 6, 2015. Here – unlike in *Phillips* where the Board sent no notice at all to the parties or *Murphy Steele* where the first mention of the issue was in opening statements – the Board informed Kirkland of exactly what issue was going to be contested at the July 6, 2015 hearing, giving her time to depose her expert on the issue. Kirkland, therefore, was given adequate notice that whether her work injuries fully had resolved would be addressed at the July 6, 2015 hearing. Although she argues she would have questioned Dr. Kalamchi in a different manner had she been aware that the issue of full recovery was going to be heard by

---

[60] *Id.* at *4.
[61] *Id.*; *see also Socorso*, 105 A.2d at 644.
[62] *Socorso*, 105 A.2d at 644; *see also Conner*, 1993 WL 54493.

the Board, she did not seek to re-depose the doctor in the 60-day window before the hearing. Moreover, Kirkland offers no explanation for why she presented no medical expert of her own at the July 6, 2015 hearing.[63]

Based on the foregoing, I find the Board's interpretation of their Rules was not clearly erroneous and the Board was within its discretion in relying on Dr. Kalamchi's opinion and finding that Kirkland fully recovered from her April 29, 2013 accident. The Board's August 17, 2015 Decision therefore is **AFFIRMED**.

**IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:  John J. Ellis, Esquire
     Joseph W. Weik, Esquire

---

[63] Appellant's Opening Br. 6 ("Claimant's counsel opted not to depose an expert witness prior to the July 6, 2015 new hearing date.").

14