DAVID P. WARD Appellant-Below Appellant,
v.
THE DEPARTMENT OF ELECTIONS a State Agency, and THE MERIT EMPLOYEE RELATIONS BOARD, Appellees-Below Appellees.
No. 126, 2009.
Supreme Court of Delaware.
Submitted: June 24, 2009.
Decided: July 27, 2009.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
HENRY duPONT RIDGELY, Justice
This 27th day of July 2009, it appears to the Court that:
(1) Plaintiff-Appellant David P. Ward appeals from the decision of the Superior Court affirming the order of the Merit Employee Relations Board ("MERB") upholding the termination of his employment. Ward raises two arguments on appeal. First, Ward argues that the MERB interpreted Merit Rule 10.1 in a manner which was inconsistent with the requirements of 29 Del. C. § 5903. Second, Ward argues that the MERB erred as a matter of law when it determined that he was not a "merit employee" and not entitled to application of the Merit Rules, specifically the "end of employment" provisions. We find no merit to his arguments and affirm.
(2) The Department of Elections (the "DOE") appointed Ward for a limited term as an Accounting Specialist on August 10, 2004. Ward's position was created by the State Clearinghouse Committee and funded by a non-specific federal grant under the "Help America Vote Act" ("HAVA"). The position was approved for a term of two years by the State Personnel Director and was posted as a limited term (two-year) position. Ward, who was never previously an employee of the State of Delaware, and hence, was not a Merit employee, applied for and was appointed to the position. Ward worked as an Accounting Specialist for just over three years, until September 14, 2007, when he was terminated. Thus, Ward was employed for one year and one month more than the two-year term for which the position was originally designated.
(3) On September 24, 2007, Ward filed a Merit System appeal with the Director of Human Resource Management ("HRM"), grieving his termination. The appeal was heard by an HRM hearing officer, who concluded that a non-Merit employee hired into a limited term position does not accrue full Merit status. Ward then filed an appeal of the HRM decision with the MERB. Ward moved for summary judgment. Following a hearing, the MERB issued a written decision denying Ward's appeal. The MERB concluded that, pursuant to Merit Rule 10.1, Ward was not a Merit employee of the DOE when he accepted his limited term appointment to the Accounting Specialist position. Therefore, he was not entitled to protection under the Merit Rules after he was terminated.
(4) Ward appealed the MERB's decision to the Superior Court. On February 9, 2009, the court issued a decision and order finding that the MERB interpreted Merit Rule 10.1 appropriately, and affirming the decision of the MERB.[1] This appeal followed.
(5) In reviewing decisions of the MERB, our role is limited. We review the record to determine whether the Board's decision is supported by substantial evidence and is free from legal error.[2] We review questions of law de novo.[3] However, we do not reweigh the evidence, determine credibility or draw our own factual findings or conclusions; we merely determine if the evidence is legally adequate to support the agency's factual findings.[4] Furthermore, "[j]udicial deference is usually given to an administrative agency's construction of its own rules in recognition of its expertise in a given field."[5] Therefore, an appellate court will only reverse an agency's interpretation of its own rules if the interpretation is "clearly wrong."[6]
(6) Ward contends that the MERB interpreted Merit Rule 10.1 in a manner that was inconsistent with the requirements of 29 Del. C. § 5903, which expressly states that: (1) all positions of state employment are "classified service" or "state service" and within the Merit Rules, unless expressly excluded by one of the twenty-five subsections of the statute;[7] and (2) "[t]he term durational is not applicable to any classification of employee employed by the State...."[8] Ward argues that his position was not within any of the designated subsections of Section 5903. He also argues that his position was not a "limited term appointment" based on an assigned passage of time, but even if it was, Section 5903(17)(b) does not permit the MERB to create such a "durational" position. Therefore, Ward argues, he is entitled to the due process requirements of the Merit Rules. In response, the DOE argues that Ward was never a permanent Merit employee pursuant to Merit Rule 10.1, that the MERB's interpretation of Merit Rule 10.1 is consistent with Section 5903, and that Ward's argument relating to Section 5903(17)(b) was not fairly presented to either the MERB or the Superior Court.
(7) Section 5903 provides: "Unless otherwise required by law, as used in this chapter, `classified service' or `state service' means all positions of state employment other than the following positions, which are excluded...."[9] The statute then enumerates twenty-five classes of positions that are excluded from the term "classified service," including members of the General Assembly, heads of state agencies, all employees and trustees of the University of Delaware and Delaware State University, judges or other members of the state judiciary, members and employees of the Delaware State Police, casual and seasonal positions, and positions designated as exempt by either the determination of the State Personnel Director, Budget Director, and Controller General, or via budget epilogue language.[10] Among other effects, the significance of a position being in the "classified service," is that such positions are covered by the Merit Rules promulgated by the MERB pursuant to 29 Del. C. § 5914.[11]
(8) Merit Rule 1.1 provides that "these Rules apply to initial probationary, Merit, and limited term employees, except as otherwise specified...." Merit Rule 10.1 purports to allow the State Personnel Director to make limited term appointments to merit system positions when the position must be filled on a less-than-permanent basis. That rule provides:
Limited term appointments are permitted when a Merit vacancy exists that is not of a continuing nature, but is projected to exceed 90 days. Such vacancies may be filled for a period of up to one year. The Director may approve a longer time period. Established selection procedures shall be followed for filling the vacancy.[12]
(9) Merit Rule 10.1.1 provides that "Merit employees who accept limited term appointments shall be placed in a vacant position comparable to their former class in the present agency at the end of the limited term appointment. If agencies demonstrate that no comparable vacant position exists, employees shall be given hiring preference." When read together, Merit Rules 10.1 and 10.1.1 distinguish between a "position" that falls within the Merit System and the individual who occupies that position. In its decision denying Ward's appeal, the MERB explained this distinction as follows:
When an agency makes a limited term appointment to a Merit position vacancy, during the term of appointment the employee enjoys certain benefits of the Merit status, including vacation and sick time and credited time in service. When the limited term expires, however, the employee is protected by the Merit rules only to the extent that he or she was a Merit employee prior to the limited term appointment.[13]
(10) Finding that Ward was not a Merit employee prior to his appointment, the MERB concluded that when the DOE terminated Ward on September 14, 2007, his limited term appointment ended and he no longer enjoyed Merit status.[14] This interpretation of Merit Rules 10.1 and 10.1.1 is not inconsistent with Section 5903. Section 5903 expressly applies to "all positions of state employment," not the individual occupying that position. Thus, the fact that an individual occupies a position in the classified service does not automatically transform that individual into a permanent Merit System employee. Rule 10.1 allows state agencies to fill Merit positions which are only needed for a limited period of time. When an employee is appointed to such a position, he or she is entitled to enjoy the benefits of the Merit Rules; however, the employee should not be entitled to due process before he or she can be terminated when the position ceases to exist at the end of the designated limited period. Although permanent Merit employees who accept limited term appointments are entitled to certain preferences when their limited term expires, an employee does not become a permanent Merit employee by virtue of a limited term appointment.
(11) Ward argues that Section 5903(17)(b) precludes limited term appointment because it prohibits application of the term "durational" to any classification of employee employed by the State.[15] This argument was not fairly presented to either the MERB or the Superior Court.[16] Even assuming Ward did properly raise the argument, it is without merit. Ward concedes that neither the MERB nor the Superior Court squarely addressed this argument, but asserts that we can nonetheless determine whether the MERB committed plain error based on the plain meaning of the term "durational." That term is not defined in the statute, however Section 5903(17) expressly contemplates appointments for a specified length of time for a variety of purposes, including appointments for a season, a project, or to replace a primary incumbent.[17] Additionally, subsection (17)(c) provides that a casual seasonal employee may be used for an undefined purpose with the approval of the Budget Director, State Personnel Director, and Controller General.[18] Accordingly, the limited-term appointment made here was permitted by law and there was no plain error by the MERB.
(12) The position was created lawfully for the HAVA project and was designed as a temporary position to last only two years. The position was intended to end automatically upon completion of the limited term. Ward was aware of the temporary nature of the position when he applied for it. The fact that it extended past the initial two-year term did not transform the temporary appointment position into a permanent position.[19]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Ward v. Dep't of Elections, et al., Del. Super., No. 08A-07-011, at 5-6 (Feb. 9, 2009) [hereinafter Superior Court Decision].
[2] Vincent v. Eastern Shore Markets, 970 A.2d 160, 163 (2009); accord Histed v. A.I. duPont de Nemours & Co., 621 A.2d 340 (Del. 1993); Johnson v. Chrysler Corp., 213 A.2d 64, 66-67 (Del. 1965); GMC v. Freeman, 164 A.2d 686, 688 (Del. 1960); see also 29 Del. C. § 10142(d).
[3] Vincent, 970 A.2d at 163; Duvall v. Charles Connell Roofing, 564 A.2d 1132 (Del. 1989).
[4] Johnson v. Chrysler Corp., 213 A.2d 64, 66-67 (Del. 1965); see also 29 Del. C. § 10142(d).
[5] Div. of Soc. Servs v. Burns, 438 A.2d 1227, 1229 (Del. 1981); accord Kaushal v. Dep't of Health and Soc. Servs., 529 A.2d 772 (Del. 1987); Thompson v. Dep't of Transp., 542 A.2d 1215 (Del. 1988) (Table).
[6] Burns, 438 A.2d at 1229.
[7] See 29 Del. C. § 5903.
[8] 29 Del. C. § 5903(17)(b) states: "The term durational is not applicable to any classification of employee employed by the State of Delaware."
[9] 29 Del. C. § 5903.
[10] See 29 Del. C. §§ 5903(1)  (25).
[11] 29 Del. C. § 5914 provides that "[t]he Director shall prepare and submit to the [Merit Employee Relations] Board proposed rules covering the classified service.
[12] Merit Rule 10.1.
[13] MERB Decision at 3.
[14] MERB Decision at 4-5.
[15] 29 Del. C. § 5903(17)(b) states: "The term `durational' is not applicable to any classification of employee employed by the State of Delaware."
[16] SUPR. CT. R. 8.
[17] See 29 Del. C. § 5903(17)(a).
[18] See 29 Del. C. § 5903(17)(c).
[19] See Showell v. Dep't of Corrections, 534 A.2d 657 (Del.1987) (Table) (rejecting theory that a temporary appointment could become a permanent position if the employment lasted longer than the original appointed term.)