## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ADRIENNE FORDHAM, ) | |
| ) | |
| Appellant, ) | C.A. No. N16A-12-003 FWW |
| ) | |
| v. ) | |
| ) | |
| LITTLE BLESSINGS DAYCARE and ) | |
| UNEMPLOYMENT INSURANCE ) | |
| APPEAL BOARD, ) | |
| ) | |
| Appellees. ) | |

Submitted: August 4, 2017
Decided: October 4, 2017

Upon Appeal from the Unemployment Insurance Appeal Board's Decision:
**AFFIRMED.**

## ORDER

Adrienne Fordham, *pro se*, 808 East 17th Street, Wilmington, Delaware 19802; Appellant.

Carla A.K. Jarosz, Esquire, Delaware Department of Justice, 820 North French Street, Wilmington, Delaware 19801; Attorney for Appellee Unemployment Insurance Appeal Board.

Theopalis K. Gregory, Sr., Esquire, The Law Office of Theopalis K. Gregory, Sr., 2227 North Market Street, Wilmington, Delaware 19801; Attorney for Appellant Little Blessings Daycare.

**WHARTON, J.**

This 4th day of October, 2017, upon consideration of Appellant Adrienne Fordham's ("Appellant") Opening Brief, Appellee Little Blessings Daycare's Answering Brief ("Appellee"),[1] and the record, it appears to the Court that:

1.    On May 16, 2016, Appellant began working as a teacher at Little Blessings Daycare.[2] On August 5, 2016, Appellee terminated Appellant after she failed to appear at work the previous day.[3] Appellant subsequently filed for unemployment benefits as a result of her termination.

2.    On August 29, 2016, the Claims Deputy issued a Notice of Determination. The Claims Deputy found that Appellant agreed to come to work before and after her scheduled doctor's appointment on August 4, 2016.[4] The Claims Deputy found that Appellant failed to show up for work on that day.[5] Pursuant to 19 *Del. C.* § 3314(2), an individual shall be disqualified from the receipt of benefits if he or she is discharged from employment for just cause in connection with his or her work. The Claims Deputy determined that Appellant's failure to appear at work

---

[1] Counsel for the Unemployment Insurance Appeal Board indicated that it did "not intend to file an answering brief in this matter" because this case "was decided on the merits, and the Appellant raises only challenges to the Board's decision on the merits." *See* D.I. 10. Moreover, Appellant failed to file a reply to Appellee's Answering Brief. The Court noted that, pursuant to Superior Court Civil Rule 107(f), it would render a decision on the papers that have been filed with the Court. *See* D.I. 11.

[2] R. at 13.

[3] R. at 54.

[4] R. at 1.

[5] R. at 1–2.

2

as Appellee requested constituted willful misconduct, and thus, Appellee had just cause to terminate her.[6]

3.      On September 3, 2016, Appellant appealed the Claims Deputy's Notice of Determination to the Appeals Referee. The Appeals Referee held a hearing on September 22, 2016. Appellant and her boss, Malcholm Dawson ("Dawson"), testified at the hearing. Dawson testified that new hires are automatically put on ninety-day probation to ensure they are a good fit for the job.[7] Specifically, Dawson testified that he uses this probationary period to evaluate a new employee's attendance, tardiness, and overall classroom performance.[8] Dawson testified that he noticed Appellant was absent or tardy at least two days per pay period, and therefore, Dawson extended her probationary period for another ninety days.[9] Dawson testified that he understood Appellant was having health issues, but she was nevertheless missing too much work as a result of these issues.[10] Then, on August 3, 2016, Appellant asked Dawson whether she could go to a doctor's appointment at 11:00 a.m. the next day.[11] Dawson testified that he gave Appellant permission to go to her appointment, but directed Appellant to come to work before and after the

---

[6] R. at 2.
[7] R. at 15, 17.
[8] R. at 17.
[9] R. at 18.
[10] R. at 17.
[11] R. at 18.

appointment.[12]  However, Dawson testified that Appellant "never showed up for work, period."[13]

4.  Appellant admitted that she failed to appear for work that day.[14]  But, Appellant testified that she spoke with her supervisor saying that it would make more sense to go directly to the doctor's appointment in the morning because she would have to leave work shortly after arriving to get to the appointment on time.[15]  Appellant testified that her supervisor agreed with her.[16]  With respect to not coming back to work on August 4th, Appellant testified that she sent a text to Dawson at 2:36 p.m. indicating she was still at the doctor's office.[17]  Dawson never responded to this text message, however.[18]

5.  On September 23, 2016, the Appeals Referee affirmed the Claims Deputy's determination.  The Appeals Referee found Appellant had frequent absences from work due to her health issues.[19]  The Appeals Referee found that, on July 15, 2016, after six absences, Appellant was informed that her job was at risk due to those absences.[20]  On August 3, 2016, Appellant informed Dawson that she

---

[12] R. at 18.
[13] R. at 18.
[14] R. at 21–23.
[15] R. at 22.
[16] R. at 22.
[17] R. at 22.
[18] R. at 22.
[19] R. at 54.
[20] R. at 54.

had a doctor's appointment the following day.[21] The Appeals Referee found that Appellant was told to report to work before and after her doctor's appointment.[22] However, Appellant failed to appear at work on the day of her appointment.[23] The Appeals Referee concluded that, by not appearing for work, Appellant engaged in willful insubordination in violation of the employer's expected standard of conduct.[24]

6.     On October 3, 2016, Appellant appealed the Appeals Referee's decision to the Unemployment Insurance Appeal Board ("Board"). On November 2, 2016, the Board held a hearing. Appellant testified that her shift begins at 9:00 a.m. each day and ends at 6:00 p.m.[25] Appellant testified that her supervisor said it was okay to not come in that morning.[26] Furthermore, Appellant testified that she left the doctor's office around 3:30 p.m., but she did not return to work on that particular day because "it was extremely hot."[27] Appellant said her doctor told her not to return to work, but she failed to get a note from the doctor affirming this directive.[28] For purposes relevant to this appeal, Dawson testified at the hearing that

[21] R. at 54.
[22] R. at 54.
[23] R. at 55.
[24] R. at 55.
[25] R. at 82, 90.
[26] R. at 82.
[27] R. at 85.
[28] R. at 86–87.

5

Appellant was terminated because she was absent several times, and not solely because of the incident that occurred on August 4, 2016.[29] Dawson also testified that he "probably" would not have terminated Appellant for the August 4th incident if it were an aberration.[30]

7.   On November 17, 2016, the Board affirmed the Appeals Referee's decision for the same reasons identified in the Appeals Referee's decision. Indeed, the Board found that Appellant's "conduct constituted insubordination in that she willfully or intentionally disregarded the lawful and reasonable instructions of her employer by failing to come in to work prior to her doctor's appointment and return after it was over."[31]

8.   The Board's decision must be affirmed so long as it is supported by substantial evidence and is free from legal error.[32] Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.[33] While a preponderance of evidence is not necessary, substantial evidence means "more than a mere scintilla."[34] Moreover, because the Court does not weigh evidence, determine questions of credibility, or make its own factual findings, it must uphold the decision

---

[29] R. at 98.
[30] R. at 98.
[31] R. at 108.
[32] *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975).
[33] *Oceanport Indus. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. Super. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).
[34] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).

of the Board unless the Court finds that the Board "act[ed] arbitrarily or capriciously" or its decision "exceed[ed] the bounds of reason."[35] Questions of law are reviewed *de novo*.[36]

9. After reviewing the record, the Court finds that the Board's determination is supported by substantial evidence and is free from legal error. The Appeals Referee, as well as the Board, determined that Appellant was terminated for just cause because Appellant failed to appear for work on August 4, 2016. In the Court's view, Appellant's conduct on August 4th, when placed in the context of her other absences may have been the straw that broke the camel's back, but, nonetheless, her failure to abide by Dawson's directives is substantial evidence supporting the Board's conclusion that Appellant was insubordinate, and, thus, properly terminated.

**THEREFORE**, the Board's decision is **AFFIRMED**.


**IT IS SO ORDERED.**

Ferris W. Wharton, J.

---

[35] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).
[36] *Ward v. Dep't of Elections*, 2009 WL 2244413, at *1 (Del. Super. July 27, 2009).

7

# FW

## SUPERIOR COURT OF THE STATE OF DELAWARE
### NEW CASTLE COUNTY COURTHOUSE
### 500 NORTH KING STREET, SUITE 10400
### WILMINGTON, DE 19801-3733
### 0203100

OFFICIAL BUSINESS, PENALTY FOR PRIVATE USE  $300

FWW
SUPERIOR COURT OF THE STATE OF DELAWARE
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
0203100

"Official Business, Penalty For Private Use $300.00"

Adrienne Fordham
808 East 17th Street
Wilmington, DE 19802



02 1P
000088379
MAILED FROM ZIP CODE 19801

UNITED STATES POSTAGE
$ 000.98⁰
PITNEY BOWES
OCT 04 2017