## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Department of Transportation, | ) | |
| | ) | |
| Appellant/Employer-Below, | ) | C.A. No.: N18A-06-008 SKR |
| | ) | |
| v. | ) | On Appeal from Decision of the |
| | ) | Merit Employee Relations Board |
| Laura A. Keeley, | ) | Docket No. 17-06-672 |
| | ) | |
| Appellee/Grievant-Below. | ) | |

Submitted: September 24, 2018
Decided: November 30, 2018

*Upon Appeal from the Merit Employee Relations Board's Decisions and Orders*:
**REVERSED**.

Kevin R. Slattery, Esq., Deputy Attorney General, Delaware Department of Justice, Attorney for Appellant.

Laura A. Keeley, *pro se*, Appellee.

**Rennie, J.**

## OPINION

Before the Court is an appeal from a decision of the Merit Employee Relations Board (the "MERB"). Laura A. Keeley ("Keeley"), a former employee of the Delaware Department of Transportation ("DelDOT"), requested a salary increase upon her promotion within DelDOT. DelDOT granted the salary increase, but not at the salary level Keeley was initially seeking. Keeley filed a merit grievance (the

"Grievance"). The Grievance finally reached the MERB, and the MERB granted it. DelDOT now appeals the MERB's decisions, which were issued on March 27, 2018 and June 20, 2018, respectively.[1] For the reasons set forth below, the MERB's decisions are **REVERSED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case are undisputed. Keeley was formerly employed as a Planner III in the Environmental Studies Office of DelDOT.[2] On August 23, 2016, an advanced salary request was submitted to the DelDOT HR Manager, on behalf of Keeley, who at that time had been recommended for a career ladder promotion to a Planner IV position.[3] Keeley sought an advanced salary classification of 85% of midpoint of PG 17.[4] On October 14, 2016, DelDOT denied the request, but allowed an advanced salary of 81.18277% of midpoint of PG 17.[5]

On October 28, 2016, Keeley submitted the Grievance contesting the result, to both her immediate supervisor, LaTonya Gilliam, and then DelDOT HR Director, Nicole Majeski.[6] In the Grievance, which was submitted by email, Keeley increased

---

[1] Record on Appeal ("R. on Appeal") 249–59, March 27, 2018 Decision and Order ("March 27 Order"); R. on Appeal 327–32, June 20, 2018 Board Decision Denying Agency Motion for Reconsideration ("June 20 Order"); Notice of Appeal (Trans. ID. 62189091).
[2] March 27 Order at 2.
[3] *Id.*
[4] *Id.*
[5] *Id.* at 3.
[6] *Id.*

her request to an advanced salary of 90% of midpoint of PG 17.[7] On November 1, 2016, Ms. Gilliam sent an email to Ms. Majeski in which she stated that she "fully support[ed] Laura's grievance concerning Merit Rule 4.4.2 and 4.6."[8] Ms. Gilliam followed up with a more formal letter to Ms. Majeski on November 14, 2016 in which she iterated the reasons for her support of Keeley's Grievance.[9] Ms. Gilliam, again, stated that she was "in support of Ms. Keeley's request to submit the advanced salary request to the Office of Management and Budget requesting 90% of midpoint."[10]

On November 14, 2016, DelDOT Labor Relations Manager Dina Burge[11] left a voice mail for Keeley, stating that she wanted to speak with Keeley regarding the Grievance.[12] On November 18, 2016, Ms. Burge sent an email to Keeley stating that she wanted to speak with Keeley about "skipping Step 1 and going directly to Step 2 in this case."[13] Thereafter, on November 22, 2016, Ms. Burge confirmed with Keeley, via email, that Keeley "ha[s] technically had the Step 1 with [her] supervisor

---

[7] R. on Appeal 78–80, Keeley's Initial Grievance Letter.

[8] March 27 Order at 3.

[9] *Id.* at 3–4.

[10] *Id.* at 4. Under the Merit Rules, an employing agency may grant a salary increase not to exceed 85% of midpoint of the paygrade in which the employee falls. Any increase that exceeds the 85% percentile must be approved by the Secretary of Department of Human Resources upon agency request. Merit Rules 4.4.2, 4.6.

[11] At that time, Ms. Burge's position was part of the DelDOT HR department and she reported to the DelDOT HR Director. March 27 Order at 4.

[12] *Id.*

[13] *Id.*

3

and [DelDOT HR office] received a response," and that they can move forward to Step 2.[14] A Step 2 hearing was conducted on December 8, 2016, and Keeley's Grievance was denied in a decision dated December 21, 2016.[15] Keeley filed an appeal to Step 3.[16] A hearing was convened by a Senior Labor Relations and Employment Practices Specialist, and the Grievance was again denied on June 7, 2017.[17] Thereafter, Keeley filed a timely appeal to the MERB on June 20, 2017.[18]

On March 1, 2018, the MERB held its first hearing on Keeley's Grievance.[19] At that hearing, the MERB found that, after a Step 1 decision in favor of Keeley had been issued by Keeley's immediate supervisor, DelDOT had not timely appealed to Step 2.[20] As a result, the MERB held that the Grievance stopped at Step 1 and dismissed the Grievance for lack of subject matter jurisdiction.[21] On March 27, 2018, the MERB issued a written order (the "March 27 Order") that reaffirmed the factual findings and legal conclusions it had made at the hearing. However, in addition to restating that the Step 1 decision is "final and binding on [DelDOT]," the MERB further "modified" the Step 1 decision and ordered DelDOT to adjust

---

[14] *Id.* at 5.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] R. on Appeal 186–248, Transcript of March 1, 2018 MERB Hearing.
[20] *Id.* at 59–60.
[21] *Id.*

Keeley's salary rate to 85% of midpoint of PG 17, and to pay Keeley a lump sum of back pay at that paygrade, retroactive to 30 days prior to the filing of the Grievance.[22]

DelDOT filed a Motion for Reconsideration on April 12, 2018.[23] In that Motion, DelDOT contended that the MERB cannot modify the Step 1 decision when it admitted that it had no jurisdiction over the Grievance.[24] The MERB held a second hearing on June 7, 2018,[25] and in an order dated June 20, 2018 (the "June 20 Order"), denied DelDOT's Motion for Reconsideration. On June 29, 2018, DelDOT filed a Notice of Appeal, appealing both the March 27 and June 20 Orders to this Court. Keeley filed a Motion to Dismiss the Appeal,[26] and DelDOT filed a Motion to Stay Enforcement of the MERB's June 20 Order.[27] The Court denied both Motions.[28] The Court will now address the merits of this Appeal.

## II. STANDARD OF REVIEW

This Court has appellate jurisdiction over final agency decisions under 29 *Del. C.* § 10142. On appeal, the Court's review is limited to determining whether the agency "acted within its statutory authority, whether it properly interpreted and applied the applicable law, whether it conducted a fair hearing and whether its

---

[22] March 27 Order at 10.
[23] R. on Appeal 260–62, DelDOT's Motion for Reconsideration.
[24] *Id.* at 2.
[25] R. on Appeal 268–326, Transcript of June 7, 2018 MERB Hearing.
[26] Keeley's Motion to Dismiss (Trans. ID. 62239427).
[27] DelDOT's Motion to Stay (Trans. ID. 62201921).
[28] September 11, 2018 Memorandum Opinion (Trans. ID. 62437824).

decision is based on sufficient substantial evidence and is not arbitrary."[29] Questions of law are reviewed *de novo*.[30] Substantial evidence is such evidence that "a reasonable mind might accept as adequate to support a conclusion."[31] Moreover, the Court must "take due account of the experience and specialized competence of the agency and the purposes of the basic law under which the agency has acted."[32]

### III. DISCUSSION

Merit Rule 18, which governs the grievance procedures, allows a state employee to file a formal grievance whenever there is a violation of the Merit Rules. The grievance process, which consists of several "Steps," includes, in relevant parts:

18.6 Step 1: Grievants shall file, within 14 calendar days of the date of the grievance matter or the date they could reasonably be expected to have knowledge of the grievance matter, a written grievance which details the complaint and relief sought with their immediate supervisor. The following shall occur within 14 calendar days of receipt of the grievance: the parties shall meet and discuss the grievance and the Step 1 supervisor shall issue a written reply.

18.7 Step 2: Any appeal shall be filed in writing to the top agency personnel official or representative within 7 calendar days of receipt of the reply. The following shall occur within 30 calendar days of the receipt of the appeal: the designated management official and the employee shall meet and discuss the grievance, and the designated management official shall issue a written response.

---

[29] *Family Court v. Tucker*, 2014 WL 4794407, at *2 (Del. Super. Sept. 25, 2014) (quoting *Gibson v. Merit Emp. Relations Bd.*, 16 A.3d 937 (Table), 2011 WL 1376278, at *2 (Del. Apr. 12, 2011)).
[30] *Id.* (citing *Ward v. Dep't of Elections*, 14 A.3d 566 (Table), 2009 WL 2244413, at *1 (Del. Jul. 27, 2009)).
[31] *Id.* (quoting *Avallone v. State Dep't of Health & Soc. Servs.*, 14 A.3d 566, 570 (Del. 2011)).
[32] 29 *Del. C.* § 10142.

DelDOT does not dispute that Keeley's Grievance was timely filed, that there was a Step 1 decision in favor of Keeley from her immediate supervisor, and that DelDOT did not timely appeal the Step 1 decision to Step 2. Nor does DelDOT dispute the MERB's legal conclusion that, based on the above facts, the Grievance stopped at Step 1, which is final and binding, and the MERB lacked jurisdiction in this matter. DelDOT challenges only the last portion of the March 27 Order, which ordered DelDOT to adjust Keeley's salary rate to 85% of midpoint of PG 17. The Step 1 decision, as DelDOT contends, merely recommended that DelDOT make a request to the DHR Secretary to approve a salary of 90% of midpoint, and nowhere did it order DelDOT to pay Keeley at 85% of midpoint as a lump sum. Hence, DelDOT contends that the MERB, by adding the last portion of the March 27 Order, has essentially modified the Step 1 decision, and the MERB, as it acknowledged, had no jurisdiction to do so.

This Court has repeatedly held that the time limits for the grievance process, as set forth in Merit Rule 18, are jurisdictional.[33] The MERB, in its own Practice and Procedural Manual, acknowledges that time-barred grievances are one of the two most common grounds for granting an employing agency's motion to dismiss,

---

[33] *Tucker*, at *3 (citing W. Michael Tupman, Delaware Department of Justice, *Merit Employee Relations Board Practice and Procedure Manual* 78 (2013)).

which the MERB states is equivalent to a motion to dismiss for lack of subject matter jurisdiction under Superior Court Civil Rule 12(b)(1).[34]

The parties agree that *Chapman v. State Department of Health and Social Services*[35] is directly on point. The facts in *Chapman* are very similar to those in this case. In that case, the agency employer, the Department of Health and Social Services, rescinded the plaintiff's promotion on the basis that she did not pass the required drug test.[36] The plaintiff filed a grievance.[37] The plaintiff's supervisor discussed the matter with the plaintiff, and issued a Step 1 decision reinstating her.[38] The Department did not timely appeal that Step 1 decision.[39] The case finally reached the MERB, and the MERB found for the Department.[40] This Court reversed the MERB's decision. It found that the Department's failure to follow the time limits set forth in the Merit Rules bound them to the Step 1 decision, and concluded that the MERB "lacked jurisdiction to review the [plaintiff's] grievance."[41] The *Chapman* holding dictates the result here. The MERB, relying on *Chapman*, correctly found that, by failing to comply with the grievance procedures, DelDOT is bound by Ms. Gilliam's Step 1 decision, the only valid decision rendered in this

---

[34] Tupman, *supra*, at 10.
[35] 2009 WL 2386090 (Del. Super. Jul. 31, 2009).
[36] *Id.* at *2.
[37] *Id.*
[38] *Id.*
[39] *Id.* at *3.
[40] *Id.*
[41] *Id.* at *4.

matter. Thus, the Grievance stopped there. Therefore, the MERB had no jurisdiction to address the Grievance, and it committed legal error by modifying the Step 1 decision.

The MERB maintains that its modification of the Step 1 decision is justified, because although it "lacked subject matter jurisdiction 'to decide the merits of Keeley's advance starting salary claim,'" it had jurisdiction to "review the grievance process and award her relief to make her whole."[42] The MERB cited no authority, and the Court has not found any, that distinguishes "merits" from "process" in a jurisdiction analysis. When an adjudicating body lacks jurisdiction over a matter, it cannot consider or render a decision on it.

As an alternative ground supporting its decision, the MERB cites to 29 *Del. C.* § 5931(a), holding that it has authority to grant various remedies to make an employee whole under that statute.[43] While it is true that the MERB has the ability to provide broad equitable relief to make an employee whole, that power may be exercised only when the MERB has jurisdiction over a matter. There is nothing in the statute that empowers the MERB to act in any way outside of its jurisdictional limit.

---

[42] June 20 Order, at 2 n.2.
[43] 29 *Del. C.* § 5931(a) gives the MERB the authority to "grant back pay, restore any position, benefits or rights denied, place employees in a position they were wrongfully denied, or otherwise make employees whole, under a misapplication of any provision of this chapter or the Merit Rules."

9

Although the Court agrees with DelDOT that the MERB is without jurisdiction to modify the Step 1 decision, the Court finds that Keeley is nevertheless entitled to similar relief as set forth in the MERB's March 27 Order. Because the MERB lacks jurisdiction to address the Step 1 decision, that determination stands.

The Court could simply stop at this point, however the question remains, what is the remedy provided by the Step 1 decision? While the Court agrees with DelDOT that the Step 1 decision is applicable to Keeley, implementing that decision according to its original terms without proper clarification would potentially leave Keeley without a valid remedy.[44] The record reflects that Keeley initially requested an advanced salary classification of 85% of midpoint of PG 17. DelDOT denied that request and allowed an advanced salary of 81.18277% of midpoint of PG 17. When Keeley filed her Grievance, it was for 90% of midpoint, with which her immediate supervisor was in agreement. However, the Step 1 supervisor needed further authorization to approve anything in excess of 85%. That approval for 90% was never materialized, but ostensibly, there was implicit approval by the Step 1

---

[44] The Court notes that a remand to the Step 1 supervisor to implement her decision would be futile under these circumstances. The current status of this case and the parties makes it very unlikely that the 90% advanced salary request, if sent to the DHR Secretary, will be reviewed on its merits as it would have been if it was appropriately submitted two years ago. Keeley has already left state employment. *See* June 7, 2018 Hearing Transcript at 34–35. The DHR will likely be flummoxed by being asked to evaluate an advanced salary request submitted on behalf of a former employee. And considering that this request would be made more than two years after the original promotion of Keeley, it would likely have surpassed the DHR's deadline in handling this type of requests and impose an unnecessary burden on it.

10

supervisor for the 85%.    Therefore, granting Keeley 85% of midpoint of PG 17 is consistent with the Step 1 decision, and is the appropriate remedy under the current circumstances.

## IV.  CONCLUSION

For the foregoing reasons, the MERB's March 27 and June 20, 2018 Orders are **REVERSED**.  Further, Keeley is entitled to back pay at 85% of midpoint of PG 17, retroactive to the date of the Step 1 decision.

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge