# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EDWARD SZYMBORSKI,     )
                         )
     Appellant,          )
                         )
        v.             )    C.A. No. N22A-12-001 FWW
                         )
UNEMPLOYMENT INSURANCE     )
APPEALS BOARD,          )
                         )
     Appellees.          )

Submitted: March 23, 2023
Decided: April 4, 2023

*Upon Appeal from the Unemployment Insurance Appeals Board,*
**AFFIRMED**.

## ORDER

Edward Szymborski, *pro se*, 73 Oak Street, Pennsville, N.J. 08070, Appellant.

Victoria W. Counihan, Esquire, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, Delaware 19801, Attorney for Appellee Delaware Division of Unemployment Insurance.

Victoria Groff, Esquire, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, Delaware 19801, Attorney for Appellee Delaware Unemployment Insurance Appeal Board.

**WHARTON, J.**

This 4th day of April, 2023, upon consideration of Appellant Edward Szymborski's ("Szymborski") Opening Brief,[1] Appellee Division of Unemployment Insurance's letter in lieu of answering brief ("Division"),[2] Szymborski's Reply Brief,[3] and the record, it appears to the Court that:

1. On April 19, 2020, Szymborski filed for unemployment insurance benefits.[4] He was awarded traditional unemployment benefits and collected $400.00 each week.[5] For some weeks he also received a weekly supplemental federal benefit of $300.00 of Lost Wages Assistance under the federal Stafford Act, made available during some weeks of the COVID-19 pandemic.[6]

2. On March 8, 2021, a Division Claims Deputy issued a determination disqualifying Szymborski from receiving benefits because the Claims Deputy determined that Szymborski left his employment voluntarily without good cause attributable to his employer, Advanced Drainage Systems.[7] Szymborski appealed the Claims Deputy's determination, but after a hearing, an appeal, a remand, another hearing, and another appeal, the UIAB declined to hear his last appeal on December

---

[1] Appellant's. Op. Br., D.I. 7
[2] Division's Ans., D.I. 10. (Pursuant to 19 *Del. C.* § 3322(b), the Division is a statutory party in interest.)
[3] Appellant's Reply Br. (Incorrectly denominated as Answering Brief), D.I. 13.
[4] R. at 26.
[5] *Id.* at 26, 76-77.
[6] *Id.* at 33, 76-77.
[7] *Id.* at 70-71.

17, 2021.[8]   As a result, the disqualification determination was upheld.[9]   When Szymborski did not appeal to the Superior Court, the disqualification determination became final on December 27, 2021.[10]

3.    After the disqualification determination became final, the Division began a separate administrative proceeding pursuant to 19 *Del. C.* § 3325 to establish the amount of overpayment and to require that such overpayments be recouped. Ultimately, a Claims Deputy determined that Szymborski received $3,600.00 in traditional unemployment benefit overpayments and $1,200.00 in Lost Wages Assistance supplemental benefits overpayments.[11]   Szymborski appealed both of these determinations.  After a hearing on August 24, 2022,  an Appeals Referee issued separate decisions upholding each of the claims Deputy's overpayment determinations.[12]   Szymborski then appealed the Referee's decisions to the UIAB which issued a single decision affirming both overpayment decisions.[13]

4.    On appeal, Szymborski seeks to challenge the original disqualification determination, maintaining that he was unemployed and owes nothing.[14] He also

---

[8] *Id.* at 62.
[9] *Id.*
[10] *Id.* 10, n.1, 62.
[11] *Id.* at 68-69, 126-128.
[12] *Id.* at 61-64, 101-104.
[13] *Id.* at 10-14.
[14] Appellant's Op. Br., at 1, D.I. 7.

argues that the UIAB made unspecified errors in calculating the amount it claims he was overpaid.[15]  He seeks to have the overpayment waived.[16]

5.    In response, the Division contends that Szymborski "cannot challenge the merits of a final disqualification determination by appealing an overpayment determination."[17]  Because Szymborski failed to appeal the disqualification decision, it became final on December 27, 2021.  Therefore, Szymborski is precluded from addressing the merits of the disqualification in his appeal of the overpayment decision.[18]  The Division argues that its witness' testimony and exhibits at the hearing before the Appeals Referee provide substantial proof of the amounts of the overpayments.[19]  The Division concludes that the UIAB's decision upholding the amounts Szymborski was overpaid is supported by the record and is free from legal error.[20]

6.    Counsel for the UIAB indicated that the UIAB did "not intend to file an answering brief or to participate in this appeal" because it "understands the Mr. Szymborski is challenging the Board's decision on its merits" and it "does not have an interest in seeking to have its decision upheld on appeal."[21]

---

[15] *Id.* at 2.
[16] *Id.*
[17] Division's Ans. at 3, D.I. 11.
[18] *Id.*
[19] *Id.* at *3-4.*
[20] Id. at 5.
[21] D.I. 10.

4

7.    The UIAB's decision must be affirmed so long as it is supported by substantial evidence and is free from legal error.[22] Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.[23] While a preponderance of evidence is not necessary, substantial evidence means "more than a mere scintilla."[24] Moreover, because the Court does not weigh evidence, determine questions of credibility, or make its own factual findings, it must uphold the decision of the UIAB unless the Court finds that the UIAB "act[ed] arbitrarily or capriciously" or its decision "exceed[ed] the bounds of reason."[25] Questions of law are reviewed *de novo*.[26]

8.    After carefully reviewing the record, the Court finds that the UIAB's overpayment decision is supported by substantial evidence and is free from legal error. Under § 3325, "when there has been an overpayment of benefits due to a disqualification, the Division can seek recoupment of the benefits overpaid to the claimant."[27] When the UIAB issued a decision declining to hear Szymborski's

---

[22] *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975).
[23] *Oceanport Indus. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. Super. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).
[24] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).
[25] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).
[26] *Ward v. Dep't of Elections*, 2009 WL 2244413, at *1 (Del. Super. July 27, 2009).
[27] *See Hockensmith v. Unemployment Ins. Appeal Bd.*, 2016 WL 5899237, at *1 (Del. Oct. 10, 2016) (citations omitted). *See also Bradfield v. Unemployment Ins. Appeal. Bd.*, 2012 WL 3776670, at *2 (Del. Aug. 31, 2012) ("Only after the [disqualification]

5

appeal of the disqualification determination, it upheld that decision. When Szymborski failed to appeal that decision to this Court, it became final on December 27, 2021. Accordingly, Szymborski cannot challenge the merits of the disqualification decision in his appeal of the overpayment decision. Once the disqualification decision became final, his only available arguments in the subsequent overpayment action are whether he received notice as mandated by § 3325 and whether the overpayment amount was calculated correctly.[28] He does not dispute that he received notice, and he does not present any substantive argument that the overpayment amount was calculated incorrectly. The Court's own review of the testimony of the Division's witness at the hearing before the Appeals Referee and the supporting exhibits establishes that there is substantial evidence to support the overpayment calculations. As a result, the UIAB's overpayment decision cannot be disturbed.

---

determination becomes final can the [Appellee] issue 'overpayment determinations' seeking recoupment of specific amounts.") (citing § 3325)).

[28] *See* § 3325 ("The Department shall issue a notice of overpayment and an order for recoupment, stating its grounds therefore, before initiating action to collect the overpayment. Unless the person files an appeal to an Unemployment Insurance appeals referee within 10 days after such order was mailed to the person at the person's last known address, the order shall be final and recoupment shall be made in accordance with such order."). *See also Hockensmith*, 2016 WL 5899237, at \*2 ("The only issues in this appeal are whether Hockensmith received notice of the Overpayment Decisions and whether the overpayment amounts were calculated correctly."); *Starcks v. Unemployment Ins. Appeal Bd.*, 2013 WL 4848101, at \*5 (Del. Super. July 30, 2013); *Murray v. Unemployment Ins. Appeal Bd.*, 1994 WL 637088, at \*2 (Del. Super. Apr. 22, 1994).

**THEREFORE**, the decision of the Unemployment Insurance Appeals Board is **AFFIRMED**.


**IT IS SO ORDERED.**


/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.