# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AMY M. SHEENE,                          )
                                        )
            Appellant,                  )
                                        )
      v.                                )     C.A. No. N23A-02-001 FWW
                                        )
UNEMPLOYMENT INSURANCE                  )
APPEAL BOARD,                           )
                                        )
            Appellee.                   )

Submitted: June 9, 2023
Decided: June 21, 2023

*Upon Appeal from the Unemployment Insurance Appeal Board,*
**AFFIRMED**.

## ORDER

Amy M. Sheene, *pro se*, 405 Rosemont Dr., Wilmington, DE 19804, Appellant.

Victoria W. Counihan, Esquire, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, Delaware 19801, Attorney for Appellee Delaware Division of Unemployment Insurance.

Victoria Groff, Esquire, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, Delaware 19801, Attorney for Appellee Delaware Unemployment Insurance Appeal Board.

**WHARTON, J.**

This 21st day of June, 2023, upon consideration of Appellant Amy M. Sheene's ("Sheene") Opening Brief,[1] Appellee Division of Unemployment Insurance's ("Division") letter in lieu of answering brief,[2] and the record,[3] it appears to the Court that:

1.      On March 15, 2020, Sheene filed a claim for unemployment insurance benefits after working at Currie Hair Skin & Nails of Justison Landing, LLC ("Currie") from October 17, 2014 to March 15, 2020.[4] She listed the reason for her separation from employment as COVID-19.[5] Currie reported that Sheene was hired as a full-time employee on October 14, 2014, but requested to change to part-time status on September 12, 2017.[6] Currie was closed due to COVID-19 from the week ending March 28, 2020 through June 6, 2020, but reopened beginning in the week ending on June 27, 2020.[7] A Claims Deputy determined that, because Sheene was still employed under the same conditions of her hire, she was not considered to be an unemployed individual, and, thus, she was ineligible to receive benefits.[8]

---

[1] Appellant's. Op. Br., D.I. 7
[2] Division's Ans., D.I. 10. (Pursuant to 19 *Del. C.* § 3322(b), the Division is a statutory party in interest.)
[3] Sheene did not file a Reply Brief.
[4] R. at 72.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

2.      Sheene appealed the denial of benefits determination and on October 11, 2021, a hearing was held before an Appeals Referee.[9]  Both Sheene and her employer participated in the hearing by telephone.[10]  In fact Sheene and Currie telephoned into the hearing together since Sheene was still working at Currie.[11]  No facts were disputed, including that Sheene has remained employed with Currie part-time since prior to the COVID-19 emergency, earning a 50% commission of her customer's payments to Currie.[12]

3.      Citing 19 *Del. C.* § 3302(17), the Appeals Referee determined that Sheene was not an unemployed individual.[13]  She was not guaranteed any hours or number of clients – her hours were based on customer demand.[14]  Currie did not reduce Sheene's hours or clients.[15]  Rather, the pandemic and clients reduced the demand for Sheene's services.[16]  Finally, Sheene remained employed by Currie up to and through the date of the hearing.[17]

4.      Sheene then appealed the Referee's decision to the Unemployment Insurance Appeals Board ("Board") which in a decision that became final on

---

[9] R. at 65.
[10] R. at 66.
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*

February 2, 2023 affirmed the Appeals Referee.[18] The Board agreed that Sheene did not meet the definition of "employed" under § 3302(17) because she was a part-time, commission only worker with no minimum guarantee of hours when hired who still remained attached to her employer in that capacity.[19]

5.    On appeal, Sheene argues that the Board improperly denied her partial unemployment benefits.[20] She maintains that prior to the COVID-19 emergency she was employed by Currie as a hair stylist.[21] When the Governor declared an emergency, Currie was forced to close temporarily. When some businesses were allowed to reopen, businesses such as Currie were only permitted to operate at 50% of capacity.[22] As a result, Sheene was able to serve only half as many customers, causing a commensurate diminution in her earning capacity.[23] She argues that she is entitled to partial unemployment benefits due to the prohibition on her working full-time.[24]

---

[18] *Id.* at 28-31.
[19] *Id.* at 29-30.
[20] Appellant's Op. Br. at 1, D.I. 11.
[21] *Id.* at 2.
[22] *Id.*
[23] *Id.* at 2-3.
[24] *Id.* at 3.

6.     In response, the Division contends that the Board correctly determined that Sheene was a part-time commission-based hair stylist without any guaranteed number of hours, and, therefore, not eligible for unemployment benefits.[25]

7.     Counsel for the Board indicated that the Board did "not intend to file an answering brief or to participate in this appeal" because it "understands the Ms. Sheene is challenging the Board's decision on its merits" and it "does not have an interest in seeking to have its decision upheld on appeal."[26]

8.     The Board's decision must be affirmed so long as it is supported by substantial evidence and is free from legal error.[27] Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.[28] While a preponderance of evidence is not necessary, substantial evidence means "more than a mere scintilla."[29] Moreover, because the Court does not weigh evidence, determine questions of credibility, or make its own factual findings, it must uphold the decision of the Board unless the Court finds that the Board "act[ed] arbitrarily or

---

[25] Division's Ans. at 2, D.I. 14.
[26] D.I. 15.
[27] *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975).
[28] *Oceanport Indus. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. Super. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).
[29] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).

capriciously" or its decision "exceed[ed] the bounds of reason."[30]  Questions of law are reviewed *de novo*.[31]

9.      After carefully reviewing the record, the Court finds that the Board's denial of partial unemployment benefits is supported by substantial evidence.  There is no dispute that Sheene was prior to, during, and after the period for which she claims partial unemployment benefits, a part-time, commission only worker without a guarantee of hours.

10.     Accordingly, the only question for the Court is whether the Board's decision finding Sheene was not an unemployed individual is free of legal error. "Unemployment" is defined under 19 *Del. C.* § 3302(1) as follows:

> "Unemployment" exists and an individual is "unemployed" in any week during which the individual performs no services and with respect to which no wages are payable to the individual, or in any week of less than full-time work if the wages payable to the individual with respect to such week are less than the individual's weekly benefit amount plus whatever is the greater of $10 or 50% of the individual's weekly benefit amount.  The Department shall prescribe regulations applicable to unemployed individuals making such distinctions in the procedures as to total unemployment, part-total unemployment, partial unemployment of individuals attached to their regular jobs and other forms of short-time work as the Department deems necessary.

---

[30] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).
[31] *Ward v. Dep't of Elections*, 2009 WL 2244413, at *1 (Del. Super. July 27, 2009).

Under the Department's regulations, a "partially unemployed individual" is an employee who, during any given week, is still employed by his or her employer but worked less than his or her regular full-time hours because of the lack of full-time work.[32] Here, because Sheene had no regular full-time hours, she could not work less than her regular full-time hours.[33] For that reason, she fails to meet the definition of a "partially unemployed individual" and the Board's determination to that effect is free from legal error.

THEREFORE, the decision of the Unemployment Insurance Appeals Board is AFFIRMED.

IT IS SO ORDERED.

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[32] *Id.* at 29 (citing 19 *Del. Admin. C.* § 1202-22.1).
[33] *See, Anderson v. UIAB and Painting With a Twist,* 2021 WL 1986570 (Del. Super. Ct. May 13, 2021) (affirming the Board where the Board held that an individual who accepts part-time employment with no guarantee of hours may not be an unemployed individual even if the employee is not scheduled for any hours).