# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TIMOTHY WITHROW,          )
                                      )
    Appellant,             )
                                      )
       v.                 )   C.A. No. N23A-03-009 FWW
                                      )
UNEMPLOYMENT INSURANCE   )
APPEAL BOARD,          )
                                      )
    Appellee.             )

Submitted: August 25, 2023
Decided: November 2, 2023

*Upon Appeal from the Unemployment Insurance Appeals Board,*
**AFFIRMED**.

## ORDER

Timothy Withrow, 50 Happy Jack Trail, Goshen, VA 24439, *pro se*, Appellant.

Victoria W. Counihan, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, Delaware 19801, Attorney for Appellee Delaware Division of Unemployment Insurance.

Matthew B. Frawley, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, Delaware 19801, Attorney for Appellee Delaware Unemployment Insurance Appeal Board.

**WHARTON, J.**

This 2nd day of November, 2023, upon consideration of Appellant Timothy Withrow's ("Withrow") Opening Brief,[1] Appellee Division of Unemployment Insurance's letter in lieu of answering brief ("Division"),[2] letter on behalf of the Unemployment Insurance Appeal Board ("Board"),[3] and the record,[4] it appears to the Court that:

1.      On March 31, 2023, Withrow filed a Notice of Appeal from the Board's decision dated March 23, 2023 determining that he was ineligible for unemployment insurance benefits.[5] The Board determined that he was ineligible for benefits because he was not able and available for work due to a medical condition.[6]

2.      Withrow submitted a one-page Opening Brief on appeal. The entirety of his argument is quoted below:

> I appealed the referee decision of Oct. 18, 2022. At this hearing I submitted evidence from my doctor stating that I could not do the work and evidence from the unemployment website states that if you are unemployed or voluntarily quit because of a medical condition that you are eligible for unemployment benefits. Reference Pages 10 and 41 of transcripts.[7]

---

[1] Appellant's. Op. Br., D.I. 7
[2] Division's Ans., D.I. 8. (Pursuant to 19 *Del. C.* § 3322(b), the Division is a statutory party in interest.)
[3] D.I. 9.
[4] Withrow did not file a Reply Brief.
[5] D.I. 1.
[6] R. at 5, D.I. 4.
[7] Appellant's Op. Br. at 1, D.I. 6.

3. The Division submitted a letter in lieu of an answering brief.[8] The Division cites 19 *Del. C.* § 3315(3) which states that in order to be eligible for unemployment benefits, the Division must find that a claimant "'[i]s able to work and is available for work.'"[9] Not only is this requirement mandatory for all states participating in the federal funding of the unemployment system, but it distinguishes unemployment insurance from disability or health insurance.[10] The Division posits that Withrow confuses the requirement that a claimant be able and available to work under § 3315(3) with § 3314(1) which provides that someone who voluntarily quit for medical reasons is not disqualified from receiving benefits "'after the individual becomes able and available for work and meets all other requirements'" under Title 19.[11] Here Withrow's own testimony at the hearings before the referee and the Board establishes that he was unable to work due to medical restrictions placed on him by his doctor.[12]

4. The UIAB's decision must be affirmed so long as it is supported by substantial evidence and is free from legal error.[13] Substantial evidence is evidence that a reasonable mind might accept as adequate to support a

---

[8] D.I. 8.

[9] *Id.* at 2 (quoting 19 *Del. C.* § 3315(3)).

[10] *Id.* (citing *Michelle A. Sinclair, Inc. v. Riley*, 2004 WL 1731140, at *2 (Del. Super. Ct. July 30, 2004)).

[11] *Id.* (citing 19 *Del. C.* § 3314(1)).

[12] *Id.*

[13] *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975).

conclusion.[14]  While a preponderance of evidence is not necessary, substantial evidence means "more than a mere scintilla."[15]  Moreover, because the Court does not weigh evidence, determine questions of credibility, or make its own factual findings, it must uphold the decision of the UIAB unless the Court finds that the UIAB "act[ed] arbitrarily or capriciously" or its decision "exceed[ed] the bounds of reason."[16]  Questions of law are reviewed *de novo*.[17]

5.  After carefully reviewing the record, the Court finds that the UIAB's denial of unemployment benefits is supported by substantial evidence and is free from legal error.  Withrow's own testimony and Opening Brief establish that he was unable to work for medical reasons.  Accordingly, under §§ 3315(3) and 3314(1), he was ineligible to receive or unemployment benefits at least until he was cleared by his doctor to return to work.

**THEREFORE**, the decision of the Unemployment Insurance Appeals Board is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[14] *Oceanport Indus. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. Super. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).
[15] *Breeding v. Contractors-One-Inc*., 549 A.2d 1102, 1104 (Del. 1988).
[16] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).
[17] *Ward v. Dep't of Elections*, 2009 WL 2244413, at *1 (Del. Super. July 27, 2009).