# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHRISTINA BENSON, )
)
    Appellant, )
)
       v. )    C.A. No. N23A-05-006 FWW
)
GT USA WILMINGTON, LLC and )
UNEMPLOYMENT INSURANCE )
APPEAL BOARD, )
)
    Appellees. )

Submitted: August 25, 2023
Decided: November 9, 2023

*On Appeal from the Unemployment Insurance Appeal Board,*
**AFFIRMED.**

## <u>ORDER</u>

Christina Benson, 1112 Rodman Road, Wilmington, DE 19805, *pro se*, Appellant.

Matthew Frawley, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, Delaware 19801, Attorney for Appellee Delaware Unemployment Insurance Appeal Board.

**WHARTON, J.**

This 9th day of November 2023, upon consideration of Appellant Christina Benson's ("Benson") Opening Brief,[1] the Unemployment Insurance Appeal Board's ("UIAB" or "Board") Answering Brief,[2] Benson's Reply Brief,[3] and the record,[4] it appears to the Court that:

1. In 2022, Benson was employed as a union Operator by GT USA Wilmington, LLC ("GT USA").[5] Benson worked for GT USA on an as-needed basis, based on seniority in her position.[6] Hence, Benson did not have a guaranteed number of work hours in 2022.[7] During 2022, Benson worked 2,148 hours, which was considered full-time.[8]

2. On November 13, 2022, Benson filed a claim for unemployment benefits with the Delaware Department of Labor, Division of Unemployment Insurance ("Division").[9] Benson previously stated that she filed her claim because GT USA did not have work for her from mid-November 2022 through December 2022.[10] A Division Appeals Referee ("Referee") found that Benson was not an

[1] Appellant's Op. Br., D.I. 12.
[2] Board's Ans., D.I. 13.
[3] Appellant's Reply, D.I. 14.
[4] GT USA did not submit an answering brief.
[5] R. at 40.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] R. at 39.
[10] R. at 40.

unemployed individual, thus Benson was ineligible to receive unemployment benefits.[11]

3.     On January 24, 2023, the Referee's decision was mailed to Benson.[12] By statute, February 3, 2023 was the last day Benson could submit a timely appeal of the Referee's decision to the Board.[13] On February 6, 2023, Benson initiated her appeal to the Board, and it was received the next day.[14] The Board declined to accept her appeal, and affirmed the Referee's decision.[15] On May 17, 2023, Benson filed a timely appeal of the Board's decision to this Court.[16]

4.     Benson states that "[a]s for the 10 day [d]eadline there was some play on the fact that my [d]ocuments [r]eached me and date sent on paper wasn't in a timely manner and I called and [r]eached out to [s]omeone to disclose the issue once I received the documents[.]"[17]

5.     The UIAB contends that it did not abuse its discretion in denying Benson's appeal.[18] The UIAB found that Benson did not meet the ten-day statutory

---

[11] R. at 41.
[12] R. at 42.
[13] R. at 39; 19 *Del. C.* § 3318(c).
[14] R. at 4, 10.
[15] R. at 5.
[16] R. at 3; 19 *Del. C.* § 3323(a).
[17] Appellant's Reply at 1, D.I. 14.
[18] Board's Ans. at 3, D.I. 13.

deadline to appeal the Referee's decision.[19] Also, the Board did not find evidence sufficient to warrant exercising its discretion to hear the appeal.[20]

6. The Board's decision must be affirmed so long as it is supported by substantial evidence and is free from legal error.[21] Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.[22] While a preponderance of evidence is not necessary, substantial evidence means "more than a mere scintilla."[23] Moreover, because the Court does not weigh evidence, determine questions of credibility, or make its own factual findings, it must uphold the decision of the Board unless the Court finds that the Board "act[ed] arbitrarily or capriciously" or its decision "exceed[ed] the bounds of reason."[24] Questions of law are reviewed *de novo*.[25]

7. In this appeal, the Court must decide whether the Board's decision declining to hear Benson's appeal is supported by substantial evidence and free from legal error. The relevant statute, 19 *Del. C.* § 3318(c) states that the Referee's

---

[19] *Id.* at 4.
[20] *Id.* at 5.
[21] *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975).
[22] *Oceanport Indus. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).
[23] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).
[24] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).
[25] *Ward v. Dep't of Elections*, 2009 WL 2244413, at *1 (Del. Super. July 27, 2009).

4

decision "shall be deemed final unless within 10 days after the date of notification or mailing of such decision further appeal [to the Board] is initiated pursuant to § 3320 of this title." Benson initiated her appeal several days beyond the 10-day deadline. This issue is the same one this Court faced in *Berry v. Mayor and Council of Middletown*.[26] In *Berry,* the Board declined to hear an untimely appeal where: (1) Berry failed to provide proof that he filed a timely appeal; (2) there was no evidence that the Department made an error; and (3) the were no "severe circumstances sufficient to justify the exercise of the Board's discretion to hear the appeal in the interest of justice."[27]

8. The statutory time limit to file an appeal is jurisdictional in nature and the failure to comply with it deprives the Board of jurisdiction to hear an appeal. Nonetheless, the Delaware Supreme Court has held that the Board may exercise its discretion under § 3320 to accept an untimely appeal in cases involving severe circumstances.[28] Typically in those rare cases, there has been a showing of administrative error or a finding by the Board that the interests of justice require the

---

[26] 2021 WL 839081 at *2 (Del. Super. Mar. 4, 2021) (citing *Chrysler Corp v. Dillon*, 327 A.2d 604, 605 (Del. 1974).

[27] *Id.* at *1.

[28] *Id.* at *2 (citing *Funk v. Unemployment Ins. Appeal Bd.,* 591 A.2d 222, 225 (Del. 1991).

Board accept the appeal.[29]  In reviewing the Board's decision, the Court applies an abuse of discretion standard.[30]

8.      The Board declined to accept Benson's appeal *sua sponte*.[31]  In doing so, it did not find evidence of facts or circumstances sufficient to warrant hearing Benson's untimely appeal.[32]  Specifically, the Board did not find evidence that the Referee's decision was mailed to an incorrect address, or any other error that may have prevented Benson from filing a timely appeal.[33]  Benson did not provide the date when she received the Referee's decision, nor did she provide details as to whom or when she called to report the alleged timing problems with receiving the Referee's decision.  The Board recognized the jurisdictional time bar and declined to exercise its discretion to hear the appeal.

9.      There was substantial evidence that Benson did not file her appeal to the Board in a timely manner. Further, in the absence of an administrative error or some other severe circumstance implicating the interests of justice, the Board did not

---

[29] *Id.* (*citing Flowers-Nichols v. Tri-State Waste Solutions,* 2011 WL 2176515, at *3 (Del. Super. Ct. May 31, 2011) (citations omitted).
[30] *Id.* (citing *Funk,* 591 A.2d 225).
[31] "The Unemployment Insurance Appeal Board [UIAB] may on its own motion, affirm, modify, or reverse any decision of an appeal tribunal on the basis of the evidence previously submitted to the appeal tribunal or it may permit any of the parties to such decision to initiate further appeal before it." 19 *Del. C.* § 3320(a).
[32] Board's Ans. at 5, D.I. 13.
[33] *Id.*

6

abuse its discretion in declining to hear the appeal. Accordingly, the Court finds that the Board's decision was supported by substantial evidence and was free of legal error.

Therefore, the decision of the Board is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.