**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| JOSEPH M. WALLS, d/b/a VETERANS SERVICES | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | C.A. No. N24A-11-002 CLS |
| DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL, | ) ) ) ) ) | |
| Appellee. | ) ) | |

Date Submitted: February 28, 2025
Date Decided: May 22, 2025

**MEMORANDUM OPINION**

*On Appeal from the Environmental Appeals Board,*
**AFFIRMED**.

Joseph M. Walls, Smyrna, DE 19977, *Pro Se Appellant*.

Valerie S. Edge, Esquire, Deputy Attorney General of DEPARTMENT OF JUSTICE, *Attorney for Appellee.*

**SCOTT, J.**

This matter comes before the Court on appeal from a decision of the Environmental Appeals Board dismissing an administrative appeal challenging a permit modification issued by the Delaware Department of Natural Resources and Environmental Control. For the reasons below, the Board's decision is **AFFIRMED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A. BACKGROUND AND APPEAL TO THE ENVIRONMENT APPEALS BOARD

Nonparty Noramco, Inc. is a Wilmington-based manufacturer of controlled substance medical products.[2] On April 13, 2023, Noramco filed an application with Department of Natural Resources and Environmental Control ("DNREC") seeking a "natural minor construction permit" to allow Noramco to install a new vacuum pump and produce two new products at its plant in Wilmington.[3]

The DNREC issued a Secretary Order No. 2024-A-0010 ("Secretary Order") on March 12, 2024, approving the requested permit.[4] On March 13, 2024, DNREC

---

[1] The following facts are drawn from the parties' briefings and the documents incorporated by reference therein.

[2] *See* Noramco - The Leader in Addiction Treatment and Abuse Prevention, NORAMCO, http://www.noramco.com (last visited May 19, 2025); Answering Brief of Appellee Department Natural Resources & Environmental Control at 6, D.I. 11 ("Answering Br.").

[3] Opening Brief at 6, D.I. 8 ("Opening Br."); Answering Br. at 5–6; D.I. 6, Ex. 1 at 2 ("EAB Decision"). In its permit, Noramco did not request an increase to facility-wide emissions limits. Answering Br. at 6.

[4] Opening Br. at 10; Answering Br. at 5.

published the Secretary Order on its website and emailed notification to interested parties, including Appellant Joseph M. Walls ("Walls"), stating that the Secretary Order had been issued and that a hard copy would be mailed.[5] The email also included a hyperlink to that Order.[6] A physical copy of the Secretary Order was mailed to Walls on April 22, 2024, and received by him on April 24, 2024.[7] On April 5, 2024, the Environmental Appeals Board ("EAB") received appeals from Veterans Services and Clean & Fresh Environmental Services, Inc.[8] Neither appellant was represented by counsel.[9]

DNREC moved for dismissal on three grounds: (1) the appeals were not timely filed; (2) the appellants were artificial entities proceeding without legal counsel; and (3) the appellants lacked standing because the permit did not increase pollution limitations.[10]

At the EAB hearing, Walls appeared and argued on behalf of Veterans Services as its sole proprietor.[11] DNREC conceded that as a sole proprietor, Walls

---

[5] Opening Br. at 10–11; Answering Br. at 13–14.

[6] D.I. 6, Ex. 5(J).

[7] Opening Br. at 10–11; Answering Br. at 14.

[8] EAB Decision at 2. Walls claims to do business as Veteran Services. As the sole proprietor of Veteran Services, the Court refer to Appellant in this case as Walls.

[9] *Id.* at 2–3.

[10] *Id.* at 2.

[11] *Id.* at 3.

could represent Veterans Services pro se.[12]  Clean & Fresh Environmental Services did not respond to the motion to dismiss and failed to appear with counsel at the hearing, though Brother George X[13] attempted to present arguments, which the EAB allowed for the record but did not permit him to formally represent the corporation.[14]

## B. EAB DECISION AND SUBSEQUENT APPEAL TO THIS COURT

Following the hearing on DNREC's motion, the EAB issued its decision on October 11, 2024.[15]  The Board found the appeals untimely, holding that the appeal period began running on March 13, 2024—the "promulgation" date referenced in Wall's own appeal document.[16]  Since the appeal was filed on April 5, 2024, it exceeded the 20-day statutory deadline.[17]

The EAB also addressed standing.[18]  Applying the three-prong "*Data Processing*" test,[19] the Board found that even if Veteran Services[20] could establish a

---

[12] *Id.*; Answering Br. at 7–8.

[13] "Brother" George X claimed to be the CEO of Clean & Fresh Environmental Services.

[14] EAB Decision at 3; Answering Br. at 8.

[15] *See generally* EAB Decision.

[16] *Id.* at 4–6.

[17] *Id.*

[18] *Id.* at 6–7.

[19] *Id.* (citing *Food and Water Watch v. Delaware Dep't of Nat. Res. & Env't Control*, 2018 WL 4062112, at *3 (Del. Super. Aug. 24, 2018) (citation omitted)).

[20] The EAB referred to the appellant as Veteran Services instead of Walls.

4

traceable injury-in-fact, reversing the Secretary's Order would have no effect on the total amount of pollution permitted to be emitted by Noramco.[21] Since the permit allowed new product lines without increasing overall pollution limits, voiding the permit would not decrease allowable pollution levels.[22] The EAB concluded that Veteran Services could not demonstrate they were "substantially affected" by the Secretary's Order and thus lacked standing.[23]

The EAB decision dismissed Clean & Fresh Environmental Services' appeal for failure to respond to the Motion to Dismiss and lack of proper representation.[24] Veterans Services' appeal was dismissed as both untimely and lacking standing.[25]

On November 13, 2024, Walls appealed the EAB's decision to this Court.[26] The matter is fully briefed, and it is ripe for decision.[27]

---

[21] *Id.* at 7.

[22] EAB Decision at 7.

[23] *Id.*

[24] *Id.* at 4.

[25] *Id.* at 4–7.

[26] *See generally* D.I. 1.

[27] *See generally* Opening Br.; Answering Br.; Reply Brief, D.I. 12 ("Reply Br.").

## STANDARD OF REVIEW

An appellate court's review of an agency decision is limited. The Court only determines whether the decision was supported by substantial evidence and free of legal error.[28] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[29] "It is more than a mere scintilla but less than a preponderance of the evidence."[30] Legal errors are reviewed *de novo*.[31] The Court will not reverse a discretionary decision unless it was an abuse of discretion, or arbitrary or capricious.[32]

It is essential for the Court to review "the entire record to determine whether, on the basis of all the testimony and exhibits before the agency, it could fairly and reasonably reach the conclusion that it did."[33] The Court must affirm if the agency's decision is free from legal error and supported by substantial evidence even if the Court "would have reached a contrary conclusion from the same evidence."[34]

---

[28] *Ward v. Dep't of Elections*, 977 A.2d 900 (Del. 2009) (TABLE).

[29] *Protecting Our Indian River v. Delaware Dep't Nat. Res. & Env't Control*, 2015 WL 54616204, at *6 (Del. Super. Aug. 14, 2015).

[30] *Delaware Solid Waste Auth. v. Delaware Dep't of Nat. Res. & Env't Control*, 250 A.2d 94, 105 (Del. 2021) (cleaned up).

[31] *Fasano v. Delaware Dep't of Nat. Res. & Env't Control*, 2024 WL 469638, at *2 (Del. Super. Deb. 2, 2024).

[32] *Kreshtool v. Delmarva Power & Light Co.*, 310 A.2d 649, 652 (Del. Super. 1973).

[33] *Fasano*, 2024 WL 469638, at *2 (quoting *Nat'l Cash Register v. Riner*, 424 A. 2d 669, 674–75 (Del. Super. 1980)).

[34] *Kreshtool*, 310 A.2d at 652.

**DISCUSSION**

As a threshold matter, the Court is mindful of Walls' legal journey.[35] Although self-claimed as the Chair of "Jailhouse Lawyers Association,"[36] it appears to the Court that Walls is not barred in Delaware or any other jurisdictions. As the sole proprietor of Veteran Services, even appearing pro se, Walls is allowed to represent on the entity's behalf.[37] As a pro se litigant, their pleadings are to be viewed with more forgiving eyes.[38] However, "[t]here is no different set of rules[.]"[39] A litigant's insufficiency of legal knowledge is not a valid defense or grounds for leniency.[40]

---

[35] Our Supreme Court, in an Order, noted Appellant Wall's legal history. "*Walls v. State*, 1990 WL 17759 (Del. Feb. 8, 1990). … *Walls v. State*, 560 A.2d 1038 (Del. 1989). … *See, e.g.*, *Walls v. State*, 2018 WL 2727579 (Del. June 5, 2018); *Walls v. State*, 2017 WL 961802 (Del. Mar. 10, 2017); *Walls v. Coupe*, 2015 WL 1124612 (Del. Mar. 10, 2015); *Walls v. Phelps*, 2014 WL 279472 (Del. Jan. 23, 2014); *Walls v. State*, 2013 WL 4505818 (Del. Aug. 20, 2013); *Walls v. Little*, 2012 WL 1415582 (Del. Apr. 23, 2012); *Walls v. State*, 2011 WL 2893027 (Del. July 20, 2011); *Walls v. State*, 2010 WL 5393996 (Del. Dec. 28, 2010); *Walls v. State*, 2009 WL 1058731 (Del. Apr. 21, 2009); *Walls v. State*, 2008 WL 187948 (Del. Jan. 7, 2008); *Walls v. State*, 2004 WL 2421198 (Del. Oct. 15, 2004); *Walls v. State*, 1996 WL 21036 (Del. Jan. 4, 1996); *Walls v. State*, 1994 WL 605506 (Del. Oct. 25, 1994); *Walls v. Delaware State Police*, 1989 WL 88651 (Del. July 17, 1989)." *Walls v. State*, 223 A.3d 882, n.1 (Del. 2019) (TABLE).

[36] *See* Opening Br., cover page.

[37] "An artificial entity must be represented by counsel, while a sole proprietorship may be represented by its owner." *Moises Maldonado's Makeovers v. Jones*, 2025 WL 1090989, at \*4 (Del. Super. Apr. 8, 2025)

[38] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Erickson v. Pardis*. 551 U.S. 89, 94 (2007).

[39] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).

[40] *Damiani v. Gill*, 116 A.3d 1243, 1243 (Del. 2015) (citing *Draper*, 767 A.2d at 799); *see also Price v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 1213292, at \*7 (Del. Super. Mar. 15, 2013) (citing *Nemec v. Shrader*, 991 A.2d 1120, 1126 (Del. 2010).

Walls filed the Opening Brief on February 3, 2025, two business days later than the briefing schedule deadline. DNREC argues that the brief should be stricken as it was filed late, and the Court should dismiss the appeal. Answering Br. at 11–12. DNREC, however, has not shown how they were prejudiced by the delay. "This Court has adopted the view that, 'where possible and

Walls proposes several arguments in his appeal, most he rehashed from the proceedings below. Of these arguments, while frivolous and wholly without merit, the Court addresses only two in its decision to **AFFIRM**.[41]

### A. THE EAB'S DETERMINATION THAT THE APPEAL WAS FILED UNTIMELY IS FREE FROM LEGAL ERROR.

"Any person whose interest is substantially affected by any action of the Secretary may appeal to the [EAB] within 20 days after receipt of the Secretary's decision or publication of the decision."[42] The EAB further clarified the appeal period under 7 *Del. Admin. Code* § 105-1.1, "any person whose interest is substantially affected by any action of the Secretary may appeal to the [EAB] within (20) days after the Secretary has announced the decision." "Time is a jurisdictional requirement[.]"[43] The EAB lacks jurisdiction to hear appeals filed after the 20-day period, and "the Court has no jurisdiction to waive such requirements."[44]

---

where there is no prejudice, appeals should not be dismissed on technicalities.' It is the preference of this Court to decide appeals 'on the merits and not upon nice technicalities of practice.'" *Ganski v. Sussex Cnty. Zoning Bd. of Adjustment*, 2001 WL 282887, at *2 (Del. Super. Feb. 13, 2001) (citations omitted). Therefore, that filing the Opening Brief late alone does not compel dismissal of the appeal.

[41] Walls also raised other arguments: (1) that DNREC could not properly defend the Secretary's Order; and (2) that the EAB was illegally created and lacked constitutional authority. *See* Opening Br.; Reply Br.

[42] 7 *Del. C.* § 6008(a).

[43] *Yeager v. Fisher*, 258 A.3d 833 (Del. 2021) (TABLE) (*Carr v. State*, 554 A.2d 778, 779 (Del. 1989)).

[44] *Booth v. Garvin*, No. S18A-08-001 JJC, 2019 WL 462486, at *3 (Del. Super. Feb. 6, 2019), *aff'd*, 217 A.3d 700 (Del. 2019) (citing *Draper King v. Malave*, 743 A.2d 672, 673 (Del. 1999)).

The chronology is undisputed. The Secretary's Order was signed March 12, 2024.[45] On March 13, 2024, DNREC emailed notifications to interested parties, including Walls, stating that the Order had been issued and publicized on the website, and a hard copy would be mailed.[46] The physical Order was received by Walls on April 24, 2024.[47] The appeal to EAB was received on April 5, 2024.[48]

Walls argues that the appeal period should not begin until he personally received a physical copy in the mail.[49] This argument is arbitrary and would cause potential conflicts.

The email notification on March 13, 2024, was sent to all interested parties, including Walls. In fact, Walls does not dispute that he received the email on that day and his own appeal to the EAB undermines his argument for a later date. By explicitly referencing March 13, 2024, as the "promulgat[ion]" date,[50] Walls essentially conceded knowledge of the Secretary's Order on that date. Walls' proposal for actual receipt would allow any party to delay appeals indefinitely by

---

[45] EAB Decision at 2; Opening Br. at 10; Answering Br. at 13.

[46] Opening Br. at 10–11; Answering Br. at 13–14.

[47] Opening Br. at 10–11; Answering Br. at 14.

[48] Although the appeal to EAB was dated "March 31, 224 (sic)," it was not delivered to the EAB until April 5, 2024. EAB Decision at 5.

[49] Opening Br. at 24–29.

[50] D.I. 6, Ex. 19 at 1.

simply claiming they had not received personal service of a decision, despite widespread electronic notification and publication.

Thus, the EAB's decision that the appeal was untimely is free from legal error. Accordingly, it is **AFFIRMED**.

## B. THE EAB'S DECISION THAT APPELLANT LACKED STANDING IS FREE FROM LEGAL ERROR.

Having concluded that the EAB did not err in determining the appeal untimely, the analysis could stop here. Nevertheless, the Court briefly addresses standing, an independent ground on which the EAB's decision granting the motion to dismiss stands free from legal error.

Standing "refers to the right of a party to invoke the jurisdiction of a court to enforce a claim or to redress a grievance."[51] It is a threshold question to ensure the party before the Court is "appropriate for the exercise of the court's judicial powers."[52]

The EAB properly applied the three-prong "*Data Processing*" test to determine whether Walls had standing to appeal.[53] To establish the party has been

---

[51] *Dover Hist. Soc. v. City of Dover Plan. Comm'n*, 838 A.2d 1103, 1110 (Del. 2003) (citing *Stuart Kingston, Inc. v. Robinson,* 596 A.2d 1378, 1382 (Del. 1991)).

[52] *Id.*

[53] Our Supreme Court adopted the test in *Oceanport Indust., Inc. v. Wilm. Stevedores, Inc.*, 636 A.2d 892, 903 (Del. 1994).

"substantially affected," "[f]irst, the party must have suffered an injury in fact. . . . Second, the injury must be fairly traceable to the challenged action of the defendant. Third, 'it must be likely that the injury will be redressed by a favorable decision, rather than merely speculative.'"[54]

The EAB's decision focused primarily on the third element—redressability. The Board found that even if Walls could establish injury-in-fact and causation, reversing the Secretary's Order would have no effect on the total amount of pollution permitted to be emitted by Noramco.[55]  Indeed, the Secretary's Order specifically noted that the permit "do[es] not pose a risk of exceeding the Title V emissions limits."[56]  The permit modification merely allowed operational changes within existing pollution parameters.

Walls argues that any increase in pollution, however small, should establish standing.[57]  This position conflates injury-in-fact with redressability, which requires that a favorable judicial decision be likely to redress the party's injury.  While minimal pollution increases might theoretically constitute injury, here, even if the permit was reversed, Noramco would remain authorized to emit the same total

---

[54] *Food & Water Watch*, 2018 WL 4062112, at *3 (citations omitted).

[55] EAB Decision at 6–7.

[56] D.I. 6, Ex. 18(Q) at 3.

[57] Opening Br. at 30–35.

amount of pollution through its existing operations. Walls' stated concern about additional pollution exposure would not be remedied by invalidating the Secretary's Order.

Therefore, Walls fails to establish the third part under the *Data Processing* test. The EAB's opinion that Walls lacked standing is free from legal error. Thus, it is **AFFIRMED**.

## CONCLUSION

For the foregoing reasons, the EAB's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
Judge Calvin L. Scott, Jr.
